## TATUM *v.* ZACHRY BROTHERS.

Debts due by customers to a blacksmith for work done by him in carrying on an independent business for himself as the proprietor of a blacksmith-shop, are not exempt from process of garnishment under the code, §3554, such indebtedness not being for the daily, weekly or monthly wages of a journeyman-mechanic or day-laborer within the meaning of that section.

January 19, 1891. By two Justices.

Garnishment. Laborers. Before Judge HARRIS. Troup county. At chambers, February 12, 1890.

Reported in the decision.

D. J. GAFFNEY, by brief, for plaintiff in error.

H. STRICKLAND, by T. H. WHITAKER, *contra*.

SIMMONS, Justice.

Under the facts in this case, it was not error in the court below to refuse to sanction the writ of *certiorari*. The evidence shows that Tatum was the proprietor of a blacksmith-shop, and not the employee of any one. His customers were garnished on accounts which they owed him, and he claimed that the accounts were exempt from garnishment because he was a day-laborer. While he may have been a day-laborer, he received no

wages as an employee, but was his own master; and our code (§3554) only exempts the daily, weekly or monthly wages of journeymen-mechanics and day-laborers. A person who carries on an independent business for himself does not come under this section.

*Judgment affirmed.*