TIM & CO. *v.* FRANKLIN *et al.* LEVI *v.* THE SAME.

1. Assets to which a debtor has no title, legal or equitable, cannot be reached by his creditors through summons of garnishment. One who at his own expense and in his own name takes out a policy of insurance on the goods of another, owns the policy. Creditors who allege fraud in the transaction by way of traverse to an answer filed by the insurance company to a summons of garnishment, must set forth facts constituting fraud.

2. Where a policy of insurance is outstanding in the hands of the person to whom it was issued, a garnishment which seeks an adjudication that it is, and was from the beginning, the property of another person is not sustainable against the company, the holder of the policy being a necessary party to such an adjudication.

(*a*) A surety on the bond given to dissolve a garnishment, is not a party to the garnishment suit save in his character of surety, and for the purposes of that relation only.

3. Is the striking of the plaintiff's traverse to the garnishee's answer such a judgment or decision as may be brought to the Supreme Court for review whilst the garnishment is pending in the court below?

March 30, 1891.

Garnishment. Debtor and creditor. Fraud. Parties. Principal and surety. Practice. Before Judge VAN EPPS. City court of Atlanta. September term, 1890.

Upon indebtedness claimed against Max Franklin garnishments issued and were served upon an insurance company, which answered denying indebtedness to Franklin. At the time of serving the summons of garnishment the plaintiff's attorney also served upon the insurance company a paper stating: "Garnishee is hereby notified that this summons of garnishment is intended to reach the money due on policy issued to Levi Cohen on Max Franklin's property recently destroyed by fire. The money belongs to Max Franklin." In its answer the insurance company stated that it had issued to L. Cohen a policy of insurance on his stock of goods contained in a certain house, by the terms of which policy the company was bound to make good to Cohen any loss by fire of the stock, to a certain amount, provided Cohen should first, as stipulated in the policy, make out and present to the company proper and sufficient proofs of loss, this being a condition precedent to any liability on the part of the company; that it had heard that the stock of goods had recently been wholly or partially destroyed by fire, but no proofs of loss had been presented as required by the terms of the policy, and the company was not indebted to Cohen in any

amount; and that it did not know of any interest or claim of interest on the part of M. Franklin in the policy or the merchandise covered by it, and denied any liability under it to Franklin. The garnishment was dissolved by Franklin with Cohen as his security. The plaintiffs filed a traverse of the answer, alleging that the policy of insurance covers or did cover goods belonging to Franklin, and was issued to Cohen to defraud Franklin's creditors, and that when the amount due thereon is ascertained the same will be subject to Franklin's debts. Counsel for the defendant and for the garnishee demurred to the traverse and moved that it be stricken. The motion was sustained, and the plaintiffs excepted.

R. J. JORDAN, for plaintiffs.

WEIL & GOODWIN and C. W. SMITH, for defendants.

BLECKLEY, Chief Justice.

1. As a general rule, creditors cannot reach by garnishment any assets which the debtor himself could not recover from the garnishee. *Bates* v. *Forsyth*, 69 *Ga.* 365. Here the policy of insurance was issued to Cohen. Franklin was no party to it. The original undertaking of the company was to pay to Cohen, if a loss should occur. The presumption is that the premiums were paid by Cohen. The traverse of the company's answer suggests nothing to the contrary. It alleges that the policy covered goods belonging to Franklin, and was issued to Cohen to defraud Franklin's creditors, but does not disclose who were the parties to the fraud. It does not say that the company was one of these, or that it had notice of any fraud as between Franklin and Cohen. It does not set out any facts which would constitute fraud, and upon which the company could join issue intelligently and with a knowledge of what had to be proved or disproved. No

fraudulent agreement, contract or contrivance is set out. Nothing is alleged besides the ownership of the goods by Franklin, except the motive or object of issuing the policy to Cohen.   In legal effect it would not be a fraud upon anybody but the insurance company for Cohen to take a policy at his own expense upon Franklin's goods, and it would be no fraud upon the company for him to do so, unless he represented the goods as his own in his application for the insurance.

2. But if the traverse were full and definite enough to tender an issue of fraud, Cohen, being the party to whom the insurance company is bound by its contract in the policy, would be a necessary party to any litigation seeking to establish an adverse interest in Franklin or his creditors.   It is said that he became a party to the garnishment proceeding by becoming surety on the bond of Franklin dissolving the garnishment.   We think otherwise.   His suretyship did not connect him with the case in any relation but that of surety, or for any purpose but to render him responsible for the amount of the fund, should it be recovered as the property of Franklin, in litigation carried on between Franklin and his creditors in this contest.   A mere surety in such a bond has no right or power to conduct or control the litigation, but must abide passively by what is done by others and the results thereof.   That he is not a party to the case in the court below, is manifest because, if he were so, he would be a necessary party to this writ of error and would have to be served with the bill of exceptions.   He was not so served.  For us to recognize him as a party in the court below, would involve, by the logic of practice in this court, that we should pronounce a judgment dismissing the writ of error for want of service upon him of the bill of exceptions.

3. We are not sure that this case has not been brought

here prematurely, for the reason that the garnishment is still pending in the court below.   Perhaps there is a distinction between cutting the plaintiff off in his appointed remedies for prosecuting the case, and forcing upon him defensive pleadings in behalf of the garnishee.   That rulings against the plaintiff in respect to obstructions put in his way by the garnishee are not final judgments, and therefore not cause for writ of error, we have just decided in *Moore* v. *Hill*.   At present we are doubtful whether the like reason applies in its full force where the plaintiff is hindered from having a jury trial upon a traverse which he has tendered; and because of this doubt we forbear to dismiss this writ of error.

*Judgment affirmed.*