## BUTLER *v.* BILLUPS.

A garnishing plaintiff can recover judgment against the garnishee upon such demands only as the defendant could himself enforce by suit against the garnishee. A judgment in favor of the garnishing plaintiff against the garnishee, based upon mere contract relations of the latter to the defendant, where there has been no breach of contract which would give the defendant the right to recover, is therefore erroneous.

Submitted April 15, — Decided May 7, 1897.

Garnishment — certiorari. Before Judge Hutchins. Oconee superior court. July 31, 1896.

*Shackleford & Shackleford* and *T. F. Green,* for plaintiff in error.

SIMMONS, C. J. In February, 1893, J. M. Butler entered into an agreement with his mother, Mrs. Almedia Butler, who appears at the time to have been insolvent, that he, in consideration of the sum of $715.66, would support her for the rest of her life, "giving her a home with him, furnishing her board, clothing, medicine and medical attention during her natural life, and to have her decently buried after her death." She in turn delivered to him $715.66 "which she has now on hand from the estate of her husband," and agreed to make her home with her son. In 1895 E. S. Billups obtained judgment against Mrs. Butler for the sum of $13.50 principal, and $2.35 interest. The debt upon which this judgment was based was created prior to the time of the execution of the above mentioned agreement. Billups sought to recover the amount of his judgment from J. M. Butler by process of garnishment; the latter answered denying indebtedness, and the answer was traversed. Upon this issue the case was tried in a justice's court, appealed to a

jury in that court, and a verdict found for the plaintiff. The garnishee took the case by certiorari to the superior court, where, upon a hearing, the certiorari was overruled and dismissed. To this judgment the garnishee excepted.

The agreement entered into by J. M. Butler and his mother was perfectly legitimate in its character, was for a valuable consideration, and, so far as the record shows, entirely free from fraud. It is a valid contract, binding upon the parties, and good even as to creditors ; and the sole question here to be determined is, whether J. M. Butler is so indebted to his mother under this contract as to render such indebtedness subject to garnishment. We think not. It is well settled that the attaching plaintiff can acquire no other or greater rights against the garnishee than the defendant has against the garnishee. In the case of *Hoskins, Huskill & Co.* v. *Johnson & Garrett*, 24 *Ga.* 628, Benning, J., said : " The situation which the garnishing plaintiff occupies in respect to the garnishee can be no better than that which the defendant himself occupies in respect to the garnishee. If the case be one in which the defendant himself, if suing the garnishee, could not get a judgment against the garnishee, it is one in which the garnishing plaintiff can not get a judgment against the garnishee. This must be manifest." So in Shinn on Attachment and Garnishment, vol. 2, § 516 : "A plaintiff by garnishment can not place himself in a superior position as regards a recovery than is occupied by the principal defendant. The garnishee's liability is measured by his responsibility and relation to the defendant. He can be charged only in consistency with the subject of his contract with the defendant." " Garnishment is not maintainable unless the debt is payable in money and the defendant has a right of action (present or maturing) to recover it." Waples on Attachment and Garnishment, § 362, and the cases there cited. See also Rood on Garnishment, §§ 118, 126.

Where it is contingent or uncertain whether the garnishee will ever owe the defendant money, he can not be made liable by garnishment. It has been held, in some jurisdictions under statutes but in many others without statutory enactment, that debts payable in futuro may be subjected by garnishment, but

in order to do so "it must be a certain debt, which will become payable upon the lapse of time, and not a contingent liability, which may become a debt or not, on the performance of other acts, or the happening of some uncertain event." Drake on Attachments, § 559.

Clearly the garnishee in the present case owed the defendant no certain debt, either due and payable at the time of the garnishment or which would by the mere lapse of time become payable. The relations of the defendant and the garnishee were based upon the contract described above, and upon that contract the defendant could at no time, present or future, recover except upon the happening of an uncertain contingency, — a breach of the contract on the part of the garnishee. In all actions upon contracts the rule is, that there must be on the one side performance or readiness to perform, and on the other a breach. In the present case no breach of the contract was alleged or proven, and the son appears to have complied fully therewith. This being so, the mother had no right of action against him, her creditors consequently could have none, and they could not by garnishment obtain judgment against him for a debt which he did not owe the defendant in fi. fa. There having been no breach of the contract committed, the garnishee was not liable for a breach; there was no certain debt payable by the garnishee to the defendant; and the plaintiff, having no rights in the premises other or greater than the defendant, could not garnish as attempted. We think, therefore, that the action of the trial judge in overruling and dismissing the certiorari was erroneous.

*Judgment reversed.     All the Justices concurring.*