## 2111. NEELY COMPANY *v.* BANK OF WAYNESBORO.

The verdict directed by the court was the only legal verdict that could have been rendered in accordance with the admitted facts.

Garnishment; from city court of Waynesboro—Judge Ham-mond presiding. July 30, 1909.

Argued December 2, 1909.—Decided February 10, 1910.

*E. L. Brinson,* for plaintiff.

*Phil. P. Johnston, J. H. Porter,* contra.

HILL, C. J. The Neely Company, as judgment creditors of Lively, caused summons of garnishment to be served on the Bank

of Waynesboro at the opening hour of business, November 3, 1908. On receipt of the summons the president of the bank instructed the bank officials not to pay out money to Lively or his order. The bank answered the garnishment, denying indebtedness, and the Neely Company filed a traverse. On the trial of the issue thus made, the following undisputed facts were shown: On November 3, 1908, after the summons of garnishment had been served, several checks on the Bank of Waynesboro, apparently drawn by Lively, dated November 2, 1908, were presented to that bank by the other banks of the city in the usual way of daily bank clearings, and were included in the clearings of that day. The books of the bank and the undisputed testimony of its officials show that on that day Lively had no funds in the bank; that he had overdrawn $3.83, which he paid on that day, but that he deposited nothing then or thereafter. So, if the bank had then paid Lively's checks drawn November 2, they would have been paid as overdrafts, and Lively would have been a debtor, and not a creditor of the bank. It is insisted that the bank did pay these checks of the day before out of a deposit made by Lively, or for his benefit. This depends upon the correct conclusion to be deduced from the following uncontroverted facts: One Chandler had instructed the officials of the bank, to present to him checks drawn by Lively whenever he had no funds on deposit to meet them; and this had been done on several occasions. When the checks were presented to the bank on November 3, apparently drawn by Lively on November 2, an official of the bank took the checks to Chandler, and he paid them and took them up. These checks were not charged up to Lively on the books of the bank, and the money paid by Chandler to the clerk of the bank credited by the bank either to Lively or Chandler. The payment of the checks by Chandler was treated as a cash transaction, but it did appear in the clearings of that day between the three banks of the city. In other words, as a matter of convenience, in that day's clearings between the banks, the checks were apparently paid by the Bank of Waynesboro, when in fact they were paid by Chandler. It further appeared that these checks were not drawn by Lively, nor with his knowledge, but were in fact drawn by Chandler in Lively's name.

The burden is on the plaintiff in fi. fa. who filed the traverse. He should show either that Chandler was authorized to sign the

name of Lively to the checks, or that the money which Chandler used to pay the checks belonged to Lively, or that he had an interest in it. If Lively drew the checks himself, or authorized Chandler to do so for him, the reasonable inference to be drawn from the fact that Chandler paid the checks in cash is that Chandler would hold the checks as demands against Lively. As these facts do not appear, a reasonable inference from the evidence is that Chandler drew the checks in the name of Lively to pay his own obligations, and, being notified by the bank's agent that Lively's account was overdrawn, concluded to pay the checks himself. The clerk of the Bank of Waynesboro denies that he acted for the bank in collecting the money on the checks from Chandler. But concede that he did, can it be said that the money so received from Chandler even for one moment constituted a liability of the bank to Lively? It would seem that in collecting the money on these checks the bank was acting for the payees of the checks, or for the other banks to whom the payees had indorsed the checks, and that therefore the bank held the money not for Lively, but as trustee for the owners of the checks. Whether the money that was paid to take up the checks belonged to Lively or to Chandler, the moment it was paid to the bank neither had any further control over it or interest in it. Neither could maintain an action for it against the bank; for, the instant it was paid to the bank, the bank held it in trust for the holders of the checks, and was liable to them. If, therefore, under the facts, the Bank of Waynesboro is not liable to Lively, it can not be liable to Lively's creditors. "It is a general rule that under no circumstances can a garnishee, by the operation of garnishment proceedings against him, be placed in any worse condition than he would be if the defendant's claim against him was enforced by the defendant himself." *Parker-Fain Grocery Co.* v. *Orr,* 1 *Ga. App.* 630 (57 S. E. 1075); Drake on Attachments, §462. The garnishing creditor can not in any case occupy a better position with reference to the garnishee than that occupied by the latter's creditor. "If the defendant himself, suing the garnishee, could not get a judgment against him, then the garnishing plaintiff can not get a judgment against the garnishee." *Singer Sewing Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (59 S. E. 473), and cases cited. What is here held is not at all in conflict with the decision of the Supreme Court in *Mayer* v. *Chatta-*

*hoochee National Bank,* 51 *Ga.* 325, relied upon by the plaintiff in error. In that case it was held that where one deposits money in a bank to be used to pay certain creditors of the depositor, such creditors not being parties to the arrangement, and not having accepted or ratified the same, the fund is the property of the depositor, and, as such, is subject to garnishment; in other words, that a deposit continues the property of the depositor until the bank has actually paid it out on account of the depositor, or has promised the person for whose use the money was deposited to pay it to him. But there must be an actual deposit in bank subject to the depositor's check at the time of the service of the summons of garnishment on the bank, or between that time and the time of the answer, to make the bank liable as garnishee. The distinguishing fact in the present case is that there was no deposit by the defendant when the summons of garnishment was served on the bank, and none afterwards. His checks drawn on the bank were not paid by the bank, but were paid by a third person not connected with the bank. If the clerk of the bank, after collecting the money from this third person, had, for the sole purpose of convenience in making clearance settlements between the banks, entered the amount on the books of the bank to the credit of the defendant who apparently had drawn the checks, any inference arising from such entry that the money belonged to the defendant would have been fully rebutted by the real truth of the case. We conclude that the learned judge of the trial court did not err in directing a verdict on the traverse in favor of the garnishee. *Judgment affirmed.*