## 5382. SOUTHERN AMUSEMENT COMPANY *v.* NEAL.

The writ of error presents for review only the determination of an issue of fact, which was properly soluble by a jury, to whom it was fairly submitted, and for that reason the judgment refusing a new trial will not be reversed. Numerous circumstances in proof authorized the jury to find that the inference resting upon the statement of its manager, that the garnishee was indebted to the defendant, instead of being rebutted, was fully supported.

DECIDED SEPTEMBER 11, 1914.

Garnishment; from city court of Floyd county—Judge Reece. November 7, 1913.

*Sharp & Sharp,* for plaintiff in error.

*Lipscomb & Willingham, Nathan Harris,* contra.

RUSSELL, C. J. Neal brought suit against Ciprian for $174, and sued out summons of garnishment directed to the Southern Amuse-

ment Company. The garnishee answered that it was not indebted, and this answer was traversed by the plaintiff. Upon the issue thus formed the jury found that the garnishee was indebted in the sum of $86; and, the plaintiff having obtained judgment against Ciprian, judgment for $86 was entered on the verdict upon the traverse. The garnishee made a motion for new trial, upon the usual general grounds, and excepts to the judgment overruling this motion.

It appears from the record that Ciprian agreed to build a pipe-organ for the Southern Amusement Company for $1,500. Various payments, amounting to a considerable sum, had been made to him by the company, when he quit work upon the organ, his wife having become ill in another State. He directed the company to go ahead with the work, at his expense, and charge against the contract price the expenditures necessary to complete his contract. In support of its answer that it was not indebted to the defendant, the garnishee insisted that the completion of the organ required an expenditure of $2,100, and therefore that it could not be indebted to Ciprian, but on the contrary he owed it $600. There was evidence that there were several additions to the organ, not claimed to have been called for in the original contract, and that this extra work amounted to $1,000, making the total cost of the organ $3,100. As to the testimony in behalf of the garnishee, it is sufficient to say that it would have relieved the garnishee from any liability if the jury had seen proper to consider it most favorably to the statements in the answer. However, there were several circumstances, submitted in the testimony in behalf of the garnishee, which supported the conclusion that at the time of the service of the summons it was indebted to the defendant. Upon the part of the plaintiff the evidence began with testimony to the effect that Jones (whom the evidence shows to be the duly authorized general manager of the garnishee) admitted to the plaintiff, before the summons of garnishment was issued, that the garnishee was indebted to Ciprian about $700; and there was testimony that subsequently to the time of the service of the summons of garnishment the garnishee made some payments to Ciprian in cash, and in other instances paid cash to other parties in settlement of his accounts. The burden of proof was upon the plaintiff to sustain the traverse, but Mr. Jones's admission to Neal that the garnishee owed Ciprian about $700 shifted the onus, and placed upon the garnishee the burden of rebutting the

inference in support of the traverse, which was raised by the admission. The garnishee put in evidence what purported to be the contract between it and Ciprian, and an account which purported to state all the payments made on account of the contract for the construction of the organ. One of the items of cash advanced to Ciprian after the service of the summons was $50. Mr. Jones testified that this was a mere loan; and, basing the contention upon this testimony, counsel for the garnishee rely upon the well-settled principle that the plaintiff in a garnishment can not recover that which the defendant himself could not recover of the garnishee. Of course, it is well settled that a creditor can not reach by garnishment assets which the debtor himself could not recover from the garnishee; for what one can not recover himself can not, by garnishment, be recovered against him. *Tim* v. *Franklin,* 87 *Ga.* 95 (13 S. E. 259); *Bates* v. *Forsyth,* 69 *Ga.* 365; *St. Paul Ins. Co.* v. *Brunswick Grocery Co.,* 113 *Ga.* 786, (4), 791 (39 S. E. 483); *Holmes* v. *Pope,* 1 *Ga. App.* 55 (58 S. E. 281); *Singer Sewing Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (59 S. E. 473). If the jury had believed the first statement of the witness Jones, that the $50 advanced to Ciprian was a mere loan and was so understood at the time, of course they could not legally have included this $50 in their findings against the garnishee, but in the account placed in evidence the $50 is charged just as the other payments are charged. There is no testimony that Ciprian requested the $50 as a loan, or accepted it on condition that he was to repay it as such, and Jones's explanation tends more to support the contention that the $50 was a gift on account of Ciprian's distress than an advancement to be repaid.

It is extremely doubtful that the evidence sustains the contention of the plaintiff in error that the contract price of $1,500 was for a completed organ that would play in the manner set forth in the oral testimony. The contract submitted in evidence definitely specified certain pipes, accessories, combinations, and couplers, the nature of the woodwork, the style of the swell pedal, and the location of the couplers, and, of course, under the terms of the contract, Ciprian was bound to pay for exactly what was called for by the contract, and to do exactly what the contract required as to assembling the parts, but if he fully complied with his contract and furnished the amusement company just what it had selected, and con-

structed the organ in accordance with its wishes, as set out in the contract, the amusement company would itself bear the risk of the instrument's playing. *Crankshaw* v. *Schweizer Mfg. Co.,* 1 *Ga. App.* 363 (12), 373 (58 S. E. 222) ; *Yancey* v. *Warner Elevator Co.,* 6 *Ga. App.* 125 (64 S. E. 663). The original contract of Ciprian nowhere stipulated that the organ was to play; and since the testimony of the garnishee disclosed that in the account charged against Ciprian there were several articles not mentioned in the original contract, the jury could well have concluded that the expenditures made were not for carrying out Ciprian's contract. Where one has a contract requiring the performance of a specified work, and the opposite party abandons it, the former is authorized to complete the contract, and in such a case it could not be said that any funds necessary for the completion of the contract in accordance with its terms would be subject to garnishment. But in the present case the contract not only authorizes the inference that it was not the duty of Ciprian to furnish the amusement company with an organ that would play, but there was positive evidence that under the contract other articles, not mentioned therein, were required in order to make the organ perform. We conclude, therefore, that after the burden was shifted by the admission that the garnishee owed the defendant, the garnishee failed not only to show that the payments admitted to have been made by it after the service of the summons of garnishment were made in completing the work required by the contract, and were therefore exempt from garnishment, but, on the contrary, submitted in evidence circumstances tending to show payments to Ciprian after the summons of garnishment, which in fact constituted admissions that it was indebted to him. ·

*Judgment affirmed. Roan, J., absent.*