GROVES, administratrix *v.* BIBB SEWER PIPE CO.

1. There is no statute of force in this State making the process of garnishment available to a creditor who seeks to subject realty of his debtor in the possession of a third person to the payment of the creditor's debt.

(*a*) The word "property" in section 5272 of the Civil Code of 1910 does not include land.

(b) Nor do the words "legacy or distributive share," in section 5304, include land, or any interest therein.

2. The headnote in *Mosely* v. *McGough*, 69 *Ga.* 748, was made by the reporter of the Supreme Court, and not by the court (see prefatory note in 69 *Ga.*, referring to the act of 1866), and was not authorized by the decision rendered by the court in that case, which is of file in the clerk's office as a record of the court.

No. 1300. November 19, 1919.

Questions certified by Court of Appeals (Case No. 9715).

*S. B. Hunter* and *H. F. Strohecker*, for plaintiff in error.

*Hardeman, Jones, Park & Johnston* and *Harry S. Strozier*, contra.

Fish, C. J. The Court of Appeals certified to the Supreme Court the following questions:

"1. Section 5272 of the Civil Code (1910) provides that 'All debts owing to the defendant, and all property, money, or effects of the defendant coming into the hands of the garnishee at or within the times designated in the preceding section, shall be subject to process of garnishment, whether the garnishee had anything in his hands or was indebted anything to the defendant at the date of the service of the summons or not.' Does the word 'property' in this section include *land*?

"(a) Section 5304 of the Civil Code (1910) provides that 'In every case a garnishment may be issued against an executor or administrator for a legacy or distributive share, or for any debt or demand owing by said estate to any other person, if the creditor will swear—in addition to the oath required in ordinary cases—that his debtor resides without the State, or is insolvent. In such cases the executor or administrator shall not be compelled to answer the garnishment until the estate in his hands is sufficiently administered to enable him safely to answer the same.' Do the words 'legacy or distributive share,' in this section, include *land* or an interest therein?

"2. In *Mosely* v. *McGough*, 69 *Ga.* 748, it was held that 'On the traverse of an answer of not indebted, filed in response to a summons of garnishment, the issue is whether the garnishee had, at the time of service, or has since had, assets of the defendant in his hands.' Is this decision sound; or, in such a case, is the correct ruling that the issue is whether the garnishee had, at the time of service, *or between that time and the date of his answer,* assets of the defendant in his hands?"

1. The general rule is, that, in the absence of express statutory provision, the process of garnishment is not available to a creditor seeking to subject real estate of his debtor, in the possession of a third person, to the payment of the creditor's debt. 20 Cyc. 990; 14 Am. & Eng. Enc. Law, 807; Waples on Attachment and Garnishment (2d ed.), 360; 2 Shinn on Attachment and Garnishment, §§ 468, 588. In 2 Wade on Attachment and Garnishment § 407, it is said: "It seems almost needless to state that a person can only be garnished in respect to chattels. . . Garnishment in respect to real property would be an idle ceremony, for the reason that the object of attachment is merely to secure the anticipated judgment; and this is better accomplished by obtaining a lien upon the title, than by disturbing the owner's possession. The title to real estate is susceptible of documentary proof, and is generally a matter of public record. Record, therefore, is at once the most effective and expeditious mode of securing a lien upon the title to real estate, and garnishment would be both inapt and inconvenient." In Drake on Attachment (7th ed.), § 463, it is said: "As to the general basis of a garnishee's liability, it will be found, on examination, that whatever else may, under particular statutes, authorize his being charged, there are two comprehensive grounds, common to every attachment system, viz., 1. His possession, when garnished, of personal property of the defendant, capable of being seized and sold on execution; and, 2. His liability, ex contractu, to the defendant, whereby the latter has, at the time of the garnishment, a cause of action, present or future, against him. In some States he may be charged in respect of real estate of the defendant in his hands; and in some, on account of choses in action; but aside from such special provisions, the language used in defining his liability, though varied, and often cumulative, will, on examination, be found to resolve itself, in each case, into those two general grounds; which may be considered as fully embraced in any system which provides no more than that one having 'goods, effects, or credits' of the defendant in his possession may be charged as his garnishee. The addition of the word 'money,' or 'chattels,' or 'property,' or 'rights,' which is frequently found, or that of all of them, is not conceived to enlarge, in legal construction, the basis afforded by the comprehensive terms, 'goods,' 'effects,' or 'credits.'" And in section 465, the author says: "Still, the

rule as stated may be considered generally applicable; and it follows thence, that, without express statutory warrant, one cannot be made liable as garnishee in respect of real estate of the defendant in his possession. . . In most of the States, if not in all, a garnishee may discharge himself from liability in respect of property of the defendant in his hands, by delivering it to the officer. Wherever this is the case, a garnishee should not be charged in respect of property which he cannot so deliver, and, therefore, not in respect of real estate. Moreover, if the conveyance to the garnishee be bonâ fide, he has no property of the defendant in his possession, and if it be fraudulent, the property is subject to the execution against the defendant, without any disclosure by the garnishee; and so, if the garnishee be made liable by one creditor for the value of the land, he may afterwards lose the land by a sale under another creditor's execution."

In Rood on Garnishment, § 177, it is said: "Real estate has generally been considered not to be attachable by garnishment proceedings, upon the double ground that it is not included in the terms of the statute declaring what property may be reached by garnishment, and that the process is ill adapted to such use, and difficulties would attend its practical application to such property."

There is no statute of this State now in force which expressly authorizes a creditor by garnishment to subject realty of his debtor in the possession of a third person to the payment of the creditor's debt. The act of the legislature of December 23, 1822 (Cobb's Digest, 77), required the garnishee to answer what he was indebted to the defendant, "and what money, effects, property, either real or personal, . . is. or was in . . possession at the time the summons was served." The act of March 4, 1856 (Acts 1855-6, p. 25), which expressly repealed all previous acts or parts thereof on the subject of attachments and garnishments, provided, in the thirteenth section, that garnishees should "depose on oath what they were indebted to the defendant at the time of the service of said garnishment, or what property or effects of his they have in their hands, or had at the time of the service of said summons of garnishment," etc. The same language is used in the forty-sixth section. In *Strickland* v. *Maddox*, 4 *Ga.* 393 (1848), Nisbet, J., referring to garnishment, said: "The office of a garnishment is to apply the debt due by a third person to a defendant in judgment,

to the extinguishment of that judgment, or to appropriate effects belonging to a defendant in the hands of a third person, to its payment." The learned judge evidently had in mind that at the time that decision was rendered there was no statute then in force in this State making land the subject of garnishment. The law as to garnishment embodied in our present Civil Code (1910) is largely the same, in material particulars at least, as declared in the act of 1856, and as contained in our first Civil Code (1863) and in all subsequent codes.

Some of the sections of our present Code are to the following effect: Under sections 5265, 5268, a plaintiff is entitled to have process of garnishment issue, based on a pending suit or a judgment, upon making affidavit that he has reason to apprehend loss of the amount due him by defendant, or some part thereof, unless garnishment be issued. Unlike effects—that is personalty,—land can not be concealed or spirited away and placed beyond reach of levy. If the garnishment be on pending suit, when judgment shall be obtained—and the garnishee can not be made liable until this occurs,—the land could be found where it had ever been. If the garnishment should be on a judgment, land could be levied on at once and sold, if subject, without the aid of garnishment for its discovery. Moreover, if land were sought to be subjected by garnishment, upon what could the plaintiff base his oath that he apprehended the loss of his debt if not aided by garnishment? Under the heading, "Answer, Traverse, Claim, and Judgment," it is declared, in section 5281: "The garnishee shall file his answer stating what amount he was indebted to the defendant, or what effects he had in his hands belonging to the defendant, at the time of the service of such summons, and what he has become indebted to the defendant, or what effects have come into his hands belonging to the defendant, between the time of the service of such summons and the making of his answer; and in the event the court shall decide that the fund or property in the hands of the garnishee was subject to garnishment had the garnishment not been dissolved, then the court shall render judgment against the defendant and his securities;" etc. In section 5282 provision is made that if "there shall be money or property of any kind or description in the hands of the garnishee, or that shall come into his hands so as to fall within operation of the summons of garnishment so served

as aforesaid, which is claimed to be the property or money of any person not a party to the proceedings upon which said garnishment is based," the claimant may dissolve the garnishment on the terms stated; and in such case section 5288 declares: "The garnishee shall pay over or deliver any money or property to the claimant upon the dissolution of the garnishment in manner aforesaid, unless prevented by other legal process." Section 5293 states: "The garnishee must, in his answer, admit or deny his indebtedness, or that he has or had effects in his hands belonging to defendant; and if he is unable to do so, his inability must appear in his answer, together with all the facts plainly, fully, and distinctly set forth, so as to enable the court to give judgment thereon." In these provisions it is clearly indicated that they are not applicable to land as a subject of garnishment.

If it were held that land is the subject of garnishment under the law of this State, and the title thereto should be brought in question, either by traverse of the garnishee's answer or by an issue raised upon the interposition of a claim thereto, then under our constitution (Civil Code, § 6510) every court in the State, except the superior courts of the county where the land is situated, would be without jurisdiction to try the title; and as there is no provision for the transfer to the superior court of the trial of such an issue, if it should arise in a city, county, or justice's court, the effect in such case would be to render nugatory the statutory provisions as to garnishments in such courts, if land were involved.

We confidently conclude that the word "property," in section 5272 of our present Civil Code, does not include land.

In answer to the question (a), we rule, in view of what we have stated in reference to the first question, that the words "legacy or distributive share," as employed in section 5304 of the Civil Code, do not include "land or any interest therein." These words might really be used to sustain our position as to the first question.

2. The second question asks whether the headnote in the case of *Mosely* v. *McGough*, 69 *Ga.* 748, is sound. We reply that it is not. That note was not made by the court, but by its reporter. The decision itself is not published in the report. See footnote on page 724 of the 69 *Ga.*, that: "No full reports or opinions are published in the following cases, under the provisions of the act of March 2, 1875 (R)." See also note in the front of the book:

"By the act of 1866, . . . the decisions of the Supreme Court are required to be announced by written synopses of the points decided. The decisions thus announced are published as the opinions of the Justices delivering them, the headnotes being made by the reporter." The opinion delivered by the court in that case is contained in a book in the clerk's office of the Supreme Court, entitled, "Opinions, Supreme Court of Georgia, Sept. Term, 1882," page 516. It is stated in the opinion: "The issue was whether there were any assets in the hands of the garnishee at the time of service of the summons belonging to [the defendant]. The evidence showed that there was nothing; that it had been paid out by his order upon a bona fide debt which he owed." There is nothing in the opinion to authorize the language of the reporter's headnote.                          *All the Justices concur.*