### 21025. JOHNSON v. VARNUM.

JENKINS, P. J. 1. "A plaintiff by garnishment cannot place himself in a superior position as regards a recovery than is occupied by the principal defendant. The garnishee's liability is measured by his responsibility and relation to the defendant." *Butler* v. *Billups,* 101 *Ga.* 102 (28 S. E. 615); *Tim* v. *Franklin,* 87 *Ga.* 93 (13 S. E. 259); *Bates* v. *Forsyth,* 69 *Ga.* 365; *Few* v. *Pou,* 32 *Ga. App.* 620 (2), 625 (124 S. E. 372).

2. Where the owner of land employs a general agent to manage and operate his farm, such agency being fully disclosed to the persons con-

tracting with him to cultivate the land as croppers, no liability arises in favor of persons cultivating the land, as against the agent, by reason of the operation of the farm (Civil Code of 1910, §§ 3611, 3613); and even though the agent may have authority from his employer to make all contracts with croppers, superintend the operations of the farm, sell the products of the farm, and make all settlements with the croppers and tenants thereon, and may actually perform such duties, with the consent of a cropper on the premises, his possession of crops grown on the premises is as agent for his employer, and not in his own right, and he is not subject to process of garnishment instituted by a creditor of such cropper.

3. Under the foregoing rulings, the verdict in favor of the plaintiff in the instant suit, finding the property in the hands of the agent of the defendant's landlord subject to the garnishment issued against the agent, was not authorized.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 29, 1931.

*J. H. Milner,* for plaintiff in error. *D. D. Smith,* contra.