22197. First National Bank of Thomasville *v.* MacDougald Construction Company.

Jenkins, P. J. The trial judge in the municipal court found in favor of the garnishee on the issue raised by a traverse to his plea of not indebted. The exception is to the order overruling the plaintiff's certiorari. The garnishee, a contractor, had obtained from the State Highway Board a contract for certain construction work, and had executed a bond, as required by the statute (Ga. L. 1916, pp. 94-5; Michie's Code, 1926, § 389 (1)), for the use of the highway board and "all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of the contract." The garnishee sublet the contract, or a portion thereof, to the defendant in the suit pending. After service of the summons, the garnishee, as appears from the uncontradicted evidence, paid out more than the amount of the plaintiff's claim of funds accruing to the subcontractor. A portion of these funds was paid direct to persons furnishing labor and materials for the construction work, and for which the garnishee was liable under the bond. A portion was paid direct on a loan made by a third party to the defendant subcontractor to pay for labor, the remainder in part payment of an assignment. This assignment was made prior to service of the summons of garnishment, and was to operate up to the amount named, but only to that extent, on any funds coming to the subcontractor free of liens under the contract. The assignment shows on its face that it was executed to secure a pre-existing liability by the subcontractor to the assignee. There is nothing in the written assignment, or in the evidence adduced on the trial, to indicate that the assignee had, in consideration thereof, surrendered and satisfied any claim against the defendants, or had furnished any other sort of consideration for the assignment. On the contrary, it appears without dispute that the assignment was taken merely to secure the assignee against loss by reason of suretyship in a prior and altogether different transaction on which the assignee was already secondarily liable. *Held:*

1. It is a general rule that "a plaintiff by garnishment can not place himself in a superior position as regards a recovery than is occupied by the principal defendant. The garnishee's liability is measured by his responsibility and relation to the defendant." *Butler* v. *Billups,* 101 *Ga.* 102 (28 S. E. 615) ; *Tim* v. *Franklin,* 87 *Ga.* 93 (13 S. E. 259) ; *Bates*

854

v. *Forsyth*, 69 *Ga.* 365; *Johnson* v. *Varnum*, 43 *Ga. App.* 737 (159 S. E. 908). Accordingly, the garnishee in the instant case became liable under its statutory bond as contractor to all persons "doing work or furnishing skill, tools, machinery, or materials under or for the purpose of" the contract (*Yancey Brothers Inc.* v. *American Surety Co.*, 43 *Ga. App.* 740, 160 S. E. 100), and consequently was authorized to disburse funds which might be due or owing by the defendant subcontractor for such purposes. The evidence authorized the court to find that a portion of the payments made by the garnished contractor was for such purposes, and therefore was properly disbursed.

2. The rule stated above could not, however, have application to a debt owing by the subcontractors for money merely loaned or advanced to them by a third person to meet a pay-roll. The manifest purpose and intent of the statute requiring the execution of a bond by a contractor engaged in a public improvement, for the use of the obligee therein and all persons doing work, or furnishing tools, skill, machinery, or materials, under or for the purpose of the contract, is to afford to such persons security for the enforcement of their claims, in lieu of the liens which the law would otherwise and ordinarily afford. It follows that a third person, not a laborer on the job or one furnishing material therefor, who merely lends or advances money to the subcontractor for the purpose of meeting a pay-roll could not recover against the garnishee on account of such advances, and consequently the garnishee was not authorized to disburse funds accruing on the subcontract for such purpose after service of the summons of garnishment. The finding in favor of the garnishee as to this particular fund was unauthorized. See U. S. *v.* Tundle, 107 Fed. 227; Hardaway *v.* National Surety Co., 211 U. S. 552 (29 Sup. Ct. 202, 53 L. ed. 321).

3. The evidence indicates that the partial and indefinite assignment by the subcontractor was impliedly but conditionally recognized by the garnished contractor, and was paid in part to the assignee after service of the summons of garnishment. Such form of assignment and such manner of acceptance did not operate to vest title to the fund in the assignee. At most it amounted to no more than the transfer of an equitable interest, and that without any sort of consideration. *Rivers* v. *Wright*, 117 *Ga.* 81 (43 S. E. 499); *King* v. *Central of Ga. Ry. Co.*, 135 *Ga.* 225 (69 S. E. 113, 22 Ann. Cas. 672); *Ison Co.* v. *Atlantic Coast Line R. Co.*, 17 *Ga. App.* 459 (87 S. E. 754). While it has been held that "the real owner of a fund deriving his title through an equitable assignment, may assert his right thereto by claim under § 3541 of the Code [of 1881; § 5282 of the Civil Code of 1910] against an attaching creditor of the assignor whose attachment has been served by summons of garnishment" (*Haas* v. *Old National Bank*, 91 *Ga.* 307 (2), 18 S. E. 188), and that if a valid equitable assignment "be made before the service of a summons of garnishment upon the drawee, the garnishing creditor will be postponed to the assignee, and this is true whether the garnishee had or had not been notified of the assignment" (*Walton* v. *Horkan*, 112 *Ga.* 814 (2), 38 S. E. 105, 81 Am. St. R. 77), still the rulings thus made presuppose an assignment made in good faith and for a *valuable consideration*, and such *must be shown by the assignee*. *Jones* v. *Glover*, 93 *Ga.* 484, 486, 487 (21 S. E. 50). While it is true that the

*surrender and satisfaction* of an existing debt, if done bona fide, will operate as a present consideration for the assignment of a chose in action (*Agee* v. *Rhodes,* 20 *Ga. App.* 117 (2), 92 S. E. 771), still where, as here, an assignment is given merely as collateral security for a pre-existing debt, such existing debt will not of itself afford any presumption as to a valuable consideration supporting the assignment, but the burden is upon the assignee to show some valuable consideration to support the transfer. *Jones* v. *Glover,* supra; *Few* v. *Pou,* 32 *Ga. App.* 620, 630 (124 S. E. 372); *Brown Guano Co.* v. *Bridges,* 34 *Ga. App.* 652, 657 (130 S. E. 695). The assignment not being such as put absolute title in the assignee, and such equitable transfer as was made or attempted to be made being wholly without consideration, but being only to secure the assignee against the possibility of loss on a pre-existing liability as surety, the assignee could not have sustained a claim to the fund in the hands of the garnished contractor, and the contractor was therefore unauthorized to recognize the assignment and pay a portion of the fund accruing to the defendant in its hands after the service of the summons of garnishment.

5. Under the rulings made by divisions 2 and 3 of this syllabus, the judgment in favor of the garnishee was not authorized, and the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED OCTOBER 28, 1932.

*H. H. Merry, Brandon & Hynds, Frank C. Tindall,* for plaintiff.
*R. Emerson Gardner, Haas & Gambrell,* for defendant.