## 25336. J. AUSTIN DILLON COMPANY *v.* EDWARDS SHOE STORES INCORPORATED.

438

Decided June 9, 1936.

*Olis L. Halhcock, E. A. Wright,* for plaintiff.
*Sumter M. Kelley, Edward T. Hughes,* for defendant.

SUTTON, J.    J. Austin Dillon Company instituted suit against L. F. Goff on a note.   Summons of garnishment issued, and was served upon Edwards Shoe Stores Inc.   It filed an answer, setting out certain facts, and stating that it had on hand $5.78 subject to garnishment, which sum, less $2 attorney's fees for making the answer, it paid into court.   Judgment was obtained against the defendant on the note.   The plaintiff traversed the garnishee's answer.   It appeared from the facts on the trial of this issue that Goff contracted to paint the front of the store occupied by the garnishee for $103, the garnishee to pay all bills for labor and material out of the contract price; that the defendant hired two painters, and the work was completed within about seven days; that the defendant also did some additional work on the store building for one Womack, and was paid by him $51 therefor, which was separate and apart from the contract with the garnishee; that the bills for labor and material included labor and material used in this work for Womack; that the garnishee paid all bills for labor and material incurred by the defendant on account of working on the store building; that the $103 contract price was not enough to pay these bills, and the defendant turned over the $51 check received from Womack to the garnishee and from the $154 it paid these bills, and there was left a balance of $20.30; that the defendant performed actual labor along with his two hired painters in completing this contract job; that the defendant claimed an exemption of a portion of this sum as his wages as a laborer, and the garnishee paid to the defendant, from this $20.30, $1.25 per day for the seven days he worked and one half of the excess, making a total of $14.32; and that there was subject to the garnishment only $5.78.   The judge, before whom the matter was tried with-

out a jury, found in favor of the garnishee on its answer. Upon the overruling of its motion for new trial the plaintiff appealed to the appellate division of the municipal court, where that judgment was affirmed. The exception in this court is to the judgment of the appellate division.

■ All debts due the defendant by the garnishee and all money, property, or effects of the defendant, in the hands of the garnishee at the time of the service of the summons of garnishment, and all debts accruing or money, property, or effects coming into the hands of the garnishee between the service of the summons and the filing of its answer, are made subject to garnishment. The service of the summons operates as a lien upon all the garnishee's indebtedness to the defendant, and on all accruing indebtedness, which lien shall not be defeated by any payments to the defendant or other arrangements between the defendant and the garnishee. Code of 1933, §§ 46-201, 46-203. However, the garnishment can not reach assets in the possession of the garnishee which the defendant himself could not recover from the garnishee. *Southern Amusement Co.* v. *Neal,* 15 *Ga. App.* 130 (82 S. E. 765). The garnishee is bound by existing liens, etc., on the property in his hands; and while the garnishment law is to prevent evasions and subterfuges, it does not intend to violate existing contracts or restrain the right to contract. It is only intended to reach something actually due the defendant and which he could recover himself. See *Owens* v. *Atlanta Trust Co.,* 122 *Ga.* 521 (50 S. E. 379); *Singer Sewing-Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (59 S. E. 473). The defendant could not have forced the garnishee to pay him, under the contract with it to paint this store, and under which the indebtedness of the garnishee to him arose, the sum it paid out to the laborers and to the materialmen on this contract work. This sum so paid out was not due to the defendant and was not subject to garnishment. The $51 received by defendant from Womack was not subject to the garnishment served on Edwards Shoe Stores Inc. while in the hands of defendant or of Womack, and the defendant turned the same over to the garnishee to apply on the bills for labor and material. This should not be considered an indebtedness of the garnishee to the defendant of money, property, or effects of the defendant coming into its hands subject to the garnishment writ.

440

■ The garnishee allowed, from the $20.30 remaining in its hands due to the defendant, $14.72 as seven days wages due to the defendant, he having worked for seven days as a laborer on this job, along with the two laborers hired by him. Code of 1933, § 46-208. This section exempts from the process of garnishment $1.25 per day and one half of the excess above that of the daily, weekly, or monthly wages of all persons, whether in the hands of their employers or not. The defendant did not earn any daily, weekly, or monthly wages on account of his work with the garnishee, and the garnishee was not due the defendant any wages. The fact that the defendant did work as a laborer under his contract does not control the question. The garnishee was due the defendant a balance on a contract, after the defendant had completed his work for a contract' price, and after the garnishee had paid out certain sums for labor and material under the terms of the contract. The relation of employer and employee did not exist. The defendant was an independent contractor. *Cooper* v. *Dixie Construction Co.*, 45 *Ga. App.* 420 (165 S. E. 152). He was not entitled to an exemption of said sum as wages under the Code section. *Tatum* v. *Zachry*, 86 *Ga.* 573 (12 S. E. 940); 25 C. J. 66.

■ It follows that the judge erred in finding in favor of the garnishee's answer in so far as it set apart $14.72 of the balance due on the contract as exempt under the Code, § 46-208; and that a new trial should have been granted to the plaintiff. The appellate division erred in affirming the judgment overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*