33894. FOSTER *v.* SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

DECIDED FEBRUARY 19, 1952—REHEARING DENIED MARCH 6, 1952.

*C. E. Moore,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, E. D. Smith Jr.,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) It is the plaintiff's contention that the various agreements entered into between the employer and its trustee, Bankers Trust Company, created the relationship of principal and agent as between them, the employer retaining control of the disposition of the funds in the hands of the trustee; and that for this reason the obligation of the trustee to pay over the monthly pension was in reality a debt owing to the employer by Southern Bell Telephone & Telegraph Company. The test of whether funds in the hands of a third person are subject to garnishment is whether or not the·original defendant could himself recover such funds by suit directly against the garnishee. *Butler* v. *Billups,* 101 *Ga.* 102 (28 S. E. 615); *Bates & Co.* v. *Forsyth,* 69 *Ga.* 365; *Johnson* v. *Varnum,* 43 *Ga. App.* 737 (159 S. E. 908); *Hodges* v. *Ocean Accident &c. Corp.,* 66 *Ga. App.* 431 (18 S. E. 2d, 28). And, as is pointed out in the brief of counsel for the defendant in error, this relationship must be determined by the laws of New York, both parties being New York corporations and the trust being administered in that State. See *Sinnott* v. *Moore,* 113 *Ga.* 908 (39 S. E. 415); *Clark* v. *Baker,* 186 *Ga.* 65 (196 S. E. 750). Under the decision in Brown *v.* Spohr, 180 N. Y. 201 (73 N. E. 14), the four elements essential to the creation of a valid trust,

506

as distinguished from a relationship of principal and agent, are: (1) that there must be a designated beneficiary; (2) a designated trustee; (3) a fund sufficiently identifiable to enable title thereto to, pass to the trustee; and (4) the legal assignment of the fund and actual delivery thereof to the trustee with the intention of passing title. Voluminous documentary evidence was introduced on the trial of the case involving the creation and operation of the trust agreement. It appearing from the instruments creating and governing the trust that the employer undertook the obligation to pay into the fund amounts which would be sufficient to cover employees generally under the pension scale set up in the agreements, and that this obligation was irrevocable insofar as it affected employees whose rights had previously accrued, and. it further appearing that the employer had no other rights over the fund, such as the right to recall any portion thereof to be administered by itself or some other agent rather than by the designated trustee—it appears that the legal title to the fund was vested in the trustee, and that the employer's obligation was an obligation under its agreement to pay funds to the trustee, but not an obligation to pay any funds to the defendant. It follows, therefore, that if payments had not been forthcoming, a retired employee of the company, or his beneficiaries in case of his death, would have no right to proceed directly against the settler of the trust, but his remedy in the first instance would be by claim against the trust fund established for his benefit. The administration of the trust fund was carried on under the sole supervision of Bankers Trust Company in New York from assets located in that State. It thus affirmatively appears that no legal obligation existed between the garnishee and its former employee which could have been enforced by the latter, since the obligation to pay arises by virtue of an agreement between the garnishee and a third party, under the terms of which the third party has undertaken the sole responsibility of making such payments, and apparently is making them, from funds delivered to it for that purpose. Since the employee would have no right of action against its former employer under these circumstances, it follows that the plaintiff in garnishment could not enforce collection of her judgment by this means.

The trial court did not err in granting the motion for a nonsuit. *Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*