36629. SMITH EVANS LUMBER CO. *v.* CITIZENS FEDERAL SAVINGS & LOAN ASSOCIATION *et al.*

DECIDED APRIL 2, 1957.

*Covington & Kilpatrick,* for plaintiff in error.
*Wright, Rogers, Magruder & Hoyt, Fullbright & Duffey,* contra.

NICHOLS, J. It appears from the evidence that the garnishee had made certain loans to the owners of real property for the express purpose of making improvements on such real property, that the proceeds of such loans were not delivered to the borrowers but were held by the garnishee to be paid to the contractor (the defendant), or his materialmen or laborers for work and material furnished in connection with the improvements being made, that no funds were disbursed for this purpose, nor could any funds have been disbursed for this purpose, except upon the orders of the borrowers, and that the contractor (the defendant) could not have collected any of such funds from the garnishee except upon the order of the borrowers.

It is well settled that funds in the hands of a third party can not be reached by garnishment where the defendant, in an action against the garnishee, could not recover such funds. See *Foster v. Southern Bell Tel. & Tel. Co.*, 85 *Ga. App.* 504 (69 S. E. 2d 644) and citations. In the present case the funds in the hands of the garnishee, which the plaintiff contends were subject to garnishment, could not have been recovered by the defendant Kell in an action against the garnishee unless the borrowers of this money had given their consent to the defendant having such funds, inasmuch as the garnishee was merely an agent of the borrowers insofar as the handling of these funds was concerned. In *Holmes v. Pope & Fleming*, 1 *Ga. App.* 338 (3) (58 S. E. 281), Judge Russell, speaking for the court, said, "As to a fund in the hands of a garnishee to be advanced under a contract and in pursuance thereof and held for one special purpose only: as the debtor can not compel its payment to other purposes foreign to the contract, neither can the garnishing creditor extend his rights beyond those of the defendant."

Accordingly, in the present case where the funds in the hands of the garnishee were there for one particular purpose, to wit, to pay for labor and material furnished under the contracts between the borrowers and the defendant for the improvement of the borrowers' real property, which contracts were made prior to the institution of the main action against the defendant and for no other purpose, the trial court properly found for the gar-

nishee's answer and did not err thereafter in denying the plaintiff's motion for new trial based on the usual general grounds.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*