### 39446. KILPATRICK v. AETNA INSURANCE COMPANY.

RUSSELL, Judge. 1. A provision in a contract of motor truck cargo insurance, covering the liability of the insured as a carrier either as imposed by law or assumed by contract for losses on shipment of merchandise, which provision reads as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the requirements of this policy, nor unless commenced within 12 months next after the time a cause of action for the loss accrues," is valid and binding on the insured. *Maxwell Bros. v. Liverpool &c. Ins. Co.,* 12 Ga. App. 127 (1) (76 SE 1036); *Cherokee Sawmill Co. v. Nashville C. & St. L. Ry.,* 19 Ga. App. 475 (1) (91 SE 790); *Gallivitoch v. Provident Life &c. Ins. Co.,* 26 Ga. App. 385 (106 SE 319); *Gibraltar Fire &c. Ins. Co. v. Lanier,* 64 Ga. App. 269 (1) (13 SE2d 27); *Norman v. Sovereign Camp W.O.W.,* 69 Ga. App. 437 (3) (25 SE2d 887).

2. A plaintiff in garnishment cannot reach assets which the debtor himself cannot reach, and if the defendant could not obtain a judgment against the garnishee, the plaintiff in garnishment is not entitled to such judgment. *Hoskins, Huskill & Co. v. Johnson & Garrett,* 24 Ga. 625, 628; *Butler v. Billups,* 101 Ga. 102 (28 SE 615); *Adair-Levert, Inc. v. Atlanta Envelope Co.,* 70 Ga. App. 685 (1) (29 SE2d 323); *Foster v. Southern Bell Tel. &c. Co.,* 85 Ga. App. 504 (69 SE2d 644); *Lamb v. Allstate Ins. Co.,* 103 Ga. App. 107 (118 SE2d 740).

3. Applying the foregoing rules of law to the facts of this case, where it appears that the insured under a motor truck cargo insurance policy sustained a loss to such cargo on September 26, 1958, that the owner filed suit against him to recover the value of the cargo and obtained a default judgment thereon at the January term, 1959, in the Civil Court of Fulton County which by law has one term per month (Ga. L. 1946, p. 287); that the judgment creditor, plaintiff in error here, filed a garnishment in the same court against the insurance company on March 27, 1961, seeking to recover as assets of the garnishee owing to the judgment debtor the value of the insurance policy, the action shows on its face that it was not brought within the time limited by the policy, and accordingly could not have been maintained or the proceeds of the policy legally recovered by the insured against the insurance company at the time this garnishment was filed. The plaintiff in garnishment has the burden of proving that the loss occurred under such circumstances as would create liability on the part of the insurer to the defendant under its policy of insurance. *Lamb v. Allstate Ins. Co.*, 103 Ga. App. 107, supra. The judgment of the trial court overruling the traverse to the answer and entering judgment in favor of the garnishee was accordingly demanded by the evidence, although the court entered it for another reason not necessary to be considered here.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED APRIL 25, 1962.

*Dudley Cook, H. A. Stephens, Jr., Smith, Field, Ringel, Martin & Carr*, for plaintiff in error.

*Woodruff, Latimer, Savell, Lane & Williams, Edward L. Savell*, contra.