41885.   ELDER BUILDING SUPPLY COMPANY v. WALL.

SUBMITTED APRIL 4, 1966—DECIDED JUNE 29, 1966—REHEARING DENIED JULY 19, 1966—

118

*Wotton, Long, Jones & Read, Calhoun A. Long,* for appellant.

*Wall, Armstrong, Aynes & Fuller, Alford Wall,* for appellee.

BELL, Presiding Judge. Although it is obvious from the stipulation of facts that the plaintiff's claim to the surplus fund is superior to the claim of the garnishee and that the plaintiff has a remedy in equity which he is entitled to assert in a separate suit against the garnishee, (see *East Atlanta Bank v. Limbert,* 191 Ga. 486, 489 (2) (12 SE2d 865)), nevertheless this is a garnishment proceeding, and the case must be resolved by principles peculiarly applicable to this type of remedy.

It is well settled by numerous decisions of this court and of the Supreme Court that the position of a plaintiff in relation to the garnishee is no better than the position of the defendant in execution, and if the defendant could not sue and obtain a judgment against the garnishee, then the plaintiff is not entitled to a judgment against the garnishee. *Bates & Co. v. Forsyth,* 69 Ga. 365, 368; *Tim & Co. v. Franklin,* 87 Ga. 93, 95 (13 SE 259); *Butler v. Billups,* 101 Ga. 102 (28 SE 615); *St. Paul Fire &c. Ins. Co. v. Brunswick Gro. Co.,* 113 Ga. 786, 791 (39 SE 483); *Holmes v. Pope,* 1 Ga. App. 338, 343 (58 SE 281); *Singer Sewing Machine Co. v. Southern Grocery Co.,* 2 Ga. App. 545, 548 (59 SE 473); *Neely Co. v. Bank of Waynesboro,* 7 Ga. App. 390, 392 (66 SE 1099); *Southern Amusement Co. v. Neal,* 15 Ga. App. 130, 132 (82 SE 765); *Johnson v. Varnum,* 43 Ga. App. 737 (1) (159 SE 908); *First Nat. Bank of Thomasville v. MacDougald Constr. Co.,* 45 Ga. App. 853 (1) (166 SE 256); *J. Austin Dillon Co. v. Edwards Shoe Stores,* 53 Ga. App. 437, 439 (186 SE 470); *Hodges v. Ocean Accident &c. Corp.,* 66 Ga. App. 431, 434 (18 SE2d 28); *Foster v. Southern Bell &c. Co.,* 85 Ga. App. 504, 505 (69 SE2d 644); *Gainesville Feed &c. Co. v. Waters,* 87 Ga. App. 354, 358 (73 SE2d 771); *Smith Evans Lmbr. Co. v. Citizens Federal &c. Assn.,* 95 Ga. App. 468, 469 (98 SE2d 102); *Dixie Auto Ins. Co. v. Smith,* 109 Ga. App. 13 (2) (134 SE2d 863). The same rule is applicable where the plaintiff bases his claim upon equitable principles. *First Nat. Bank of Dublin v. Colonial Fire &c. Ins. Co.,* 160 Ga. 166 (2b) (127 SE 455). If the surplus fund is considered in the simple status of a money debt owing to defendant, then it is subject to the garnishee's right

to set off its claim against the defendant upon open account. *Owens v. Atlanta Trust &c. Co.*, 122 Ga. 521, 523 (50 SE 379). Thus, where the garnishee's claim against the defendant upon an open account exceeds the amount of the debt due the defendant by the garnishee, the garnishee's right of setoff completely defeats the plaintiff's claim against the garnishee.

On the other hand, if the surplus fund is considered to retain the character of the realty from which it was derived (see *East Atlanta Bank v. Limbert*, 191 Ga. 486, supra), then the principle is applicable that a plaintiff cannot by process of garnishment reach *land* of the debtor in possession of a third person. *Groves v. Bibb Sewer Pipe Co.*, 149 Ga. 542 (101 SE 190); *Gammage v. Perry*, 29 Ga. App. 427, 437 (116 SE 126). It is unnecessary to a decision in this case for us to rule whether the sum remaining from the sale partakes of the character of personalty or realty, for in either event the result is the same. Under the facts of this case, garnishment is not the proper remedy.

This writer is aware that the case of *Columbus Plumbing &c. Co. v. Home Federal Savings &c. Assn.*, 104 Ga. App. 36 (121 SE2d 62) appears to be in conflict with what is here held. Although the writer concurred in that case, upon further consideration it is apparent that it is in conflict with cited decisions of the Supreme Court and of this court and will not be followed.

The trial court erred in rendering judgment for plaintiff upon trial of the traverse. However, nothing stated in this decision debars the plaintiff's obviously superior claim to the surplus fund if he wishes to pursue a separate suit to subject the fund to his claim.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*