### 43808. KINGSBERRY MORTGAGE COMPANY v. ELLIS et al.

WHITMAN, Judge. This is a garnishment case. The plaintiff below, G. N. Ellis, having previously obtained a judgment against the Parkway Development Company, Inc., (hereinafter called "Parkway") for $1,000, served a summons of garnishment upon Kingsberry Mortgage Company (hereinafter called "Kingsberry"). Kingsberry filed its answer alleging

that it was not indebted to Parkway at the time of service of the summons and has not become indebted to it since. Plaintiff traversed this answer saying it was not true, whereupon a hearing was had with the court sustaining the traverse of the answer and rendering judgment for Ellis and against Kingsberry for $1,000. This order is appealed from and enumerated as error.

At the hearing a certain construction loan agreement was put in evidence as evidence of a debt owed to Parkway by Kingsberry. This document recited an agreement between a lender, being Kingsberry, and a borrower, being Parkway, one Lorine H. Andrews and one William B. Campbell.

By the terms of the agreement Kingsberry made a construction loan to Parkway, Andrews and Campbell for the purpose of constructing an apartment complex upon a certain piece of realty. The borrower executed a promissory note to the lender, together with a security deed to the property to be improved.

The contract, among other things, contains the following agreements by the borrower: "1. Borrower does hereby acknowledge receipt hereof of the proceeds of the loan in the amount of $490,000, and does hereby authorize and direct lender to hold the proceeds of said loan in the amount of $490,000 and to disburse to borrower or its order during construction of said improvements and disbursements so made shall be controlled as to amount by the schedule hereto attached and marked Exhibit 'A.' The final disbursement shall not be made until said improvements have been fully completed and lender has received final approval of its appraiser. . . 6. Borrower agrees that lender shall have the absolute right to advance only such part of said loan as lender may deem wise or best, regardless of the needs of the borrower, and to discontinue making such advances if in lender's sole discretion further or additional advances seem unjustified, unwise or undesirable. Said note and security deed shall continue valid and binding as security for aggregate amount advanced at any time, whether the full amount of said loan is subsequently advanced or not. 7. . . Borrower agrees that the proceeds of said loan shall be used solely to defray the cost of labor and material entering into the building of such improvements."

The schedule, Exhibit "A", referred to above is entitled "Disbursement Schedule" and shows the percentage of the loan

that can be disbursed depending upon which stage of work the project is in.

The question for decision is whether the obligations between the parties under the construction loan agreement constituted a debt of Kingsberry to Parkway between the date of the service of the summons of garnishment and the time of the answer thereto. *Held:*

1. There was no debt or property subject to garnishment for two primary reasons. First, assuming the construction loan agreement could be construed as creating a debt for a sum of money owing by the lender, Kingsberry, to the borrower, Parkway, Andrews and Campbell, a plaintiff by garnishment cannot reach a debt due jointly to the defendant and to others not parties to the garnishment. *Perry v. Heflin,* 202 Ga. 143, 144 (2) (42 SE2d 378) ; *Bryant v. McCrary,* 40 Ga. App. 685 (151 SE 236) ; 38 CJS 269, Garnishment, § 73 (c).

All obligations of Kingsberry arising under the construction loan agreement were owed jointly to Parkway, Andrews and Campbell. Andrews and Campbell were not parties to the case. No judgment had been obtained against them, nor was there any evidence of the respective proportionate interest of Parkway, Andrews and Campbell.

2. Second, a plaintiff in garnishment can not reach funds which the plaintiff's debtor can not reach. That is, Parkway must be capable of recovering from Kingsberry. Under the terms of the loan agreement the funds were made available only for the purpose of enabling the erection of certain improvements and could be used only to defray the cost of labor and materials going into the construction of same. Furthermore, under the agreement there are two contingencies to be met prior to any disbursement, i.e., construction progress must be in accordance with the disbursement schedule and the lender must be satisfied as to the necessity and wisdom of the disbursement. Even when these two contingencies are met, the disbursement may be made only to the borrower (Parkway, Andrews and Campbell, jointly), or to their joint order. There was evidence that the agreed manner of disbursement had been observed throughout, and no evidence was presented to the contrary. There was also evidence that advancements had been made in excess of the agreed schedule and that the borrower's entitlement to further advances was in doubt.

Where a fund is in the hands of a garnishee to be advanced un-

der a contract and in pursuance thereof and held for one special purpose only, and where the debtor can not compel its payment to purposes foreign to the contract, the garnishing creditor can not extend his rights beyond those of his debtor. *Holmes &c. Co. v. Pope & Fleming*, 1 Ga. App. 388 (3) (58 SE 281); *Smith Evans Lumber Co. v. Citizens Fed. Savings &c. Assn.*, 95 Ga. App. 468 (98 SE2d 102). See also *Elder Building Supply Co. v. Wall*, 114 Ga. App. 117, 119 (150 SE2d 350).

The trial court erred in sustaining the plaintiff's traverse to the garnishee's answer and in entering judgment for the plaintiff.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JULY 1, 1968—DECIDED DECEMBER 3, 1968.

*Hansell, Post, Brandon & Dorsey, Holcombe T. Green, Jr.*, for appellant.

*Archer, Patrick & Sidener, Griffin Patrick, Jr., William Hamner*, for appellees.