### Bates & Company *vs.* Forsyth, administrator.

Where the answer of the garnishee denied indebtedness to the defend ant, and was traversed by an allegation of indebtedness in the sum of $500.00, and the traverse was amended setting out a state of facts whereby other indebtedness was substantially shown, though on a complicated state of facts, and the amendment was demurred to, and the whole traverse was stricken, and judgment rendered for the garnishee:

*Held,* that the court erred.

Garnishment. Practice in the Superior Court. Before Judge UNDERWOOD. Floyd Superior Court. March Term, 1879.

The case below grew out of a garnishment in Floyd superior court. In a suit pending in said court in favor of Bates & Co. *vs.* John Harkins, the plaintiffs, on June 23, 1875, sued out a garnishment, which was served on D. R. Mitchell, on June 28, 1875. Mitchell, at the next term, filed an answer denying any indebtedness to Harkins. This answer the plaintiffs traversed, alleging that the garnishee ·

owed defendant $500.00, and subsequently amended their traverse by alleging as follows: That Mitchell is indebted to Harkins on the following account, besides others, to-wit: On April 1, 1871, the said Mitchell being the owner of certain *fi. fas.* from Gordon superior court on which was due and collectable about the sum of $225.00, and being at the same time indebted to the firm of Colclough, Harkins & Glover, of Rome, Ga., something more than the said sum, did, on that day, in part payment of the said indebtedness, make the following assignment of said *fi. fas.*:

"I do hereby transfer to Colclough, Harkins & Glover all my right, title and interest in the above *fi. fas.*, without any liability on my part whatever, they paying and settling all fees and costs due on said *fi. fas.*
April 1, 1871.                              D. R. MITCHELL."

At that time the said *fi. fas.* were in the hands of Warren Akin as attorney for said Mitchell, for collection; it was represented to said transferees by Mitchell that there was in the hands of the sheriff of Gordon county a fund out of which said *fi. fas.*, being among the oldest, would be paid at least the amount of his indebtedness to said firm. And the plaintiffs show that the said Akin, as attorney as aforesaid, did about that time receive on said *fi. fas.* their share of said fund, to-wit: $219.00, besides costs; but that the said Akin when called upon by the transferees for said fund, less his fee for collecting the same, refused to pay over any part of said fund, claiming that the said Mitchell was due him more than the amount thereof for professional services in other cases, and appropriating the same to such fees. The said transferees then came back upon said Mitchell for said amount, when he directed them to bring suit against Akin for said fund, denying his indebtedness to Akin for other fees, and the right of Akin to retain or appropriate said fund.

In pursuance of this direction of Mitchell, the transferees did bring suit in Bartow superior court against Akin for said fund, and upon the trial thereof the right of said Akin to retain it was sustained, and the transferees were cast in

the cost, to-wit: $13.00, besides their attorney's fees in the matter, to-wit: $25.00. Wherefore a right of action accrued to said transferees on the day of said assignment, to-wit, the 1st day of April, 1871, to have and recover of said Mitchell the said sum of $219.00, collected by his said attorney, less $20.00 fee of said attorney for collecting the same; and on the day of the termination of said suit against the said Akin, to-wit, January 1, 1875, to recover of Mitchell the said costs and attorney's fees, to-wit, $38.00. Which said claims and demands of Colclough, Harkins & Glover against said Mitchell were, on the dissolution of said firm, assigned to, and became the property of, the said John Harkins. Wherefore they pray judgment, etc.

By a further amendment plaintiffs alleged that the cause of action in favor of said firm against said Mitchell accrued at the termination of the suit brought against said Akin, instead of the date of the assignment of the *fi. fas.* And further, that if the cause of action accrued prior to said date, then the conduct of Mitchell amounted to a fraud by which the firm were prevented from bringing suit against him until the termination of said suit against Akin. And the plaintiffs further say that the claim against Mitchell became the property of Harkins by assignment long before the service of the summons of garnishment upon Mitchell.

Mitchell having died, his administrator, Forsyth, was made a party.

On demurrer, the court struck the traverse and ordered the garnishee to be discharged. Plaintiffs excepted.

WRIGHT & FEATHERSTON, for plaintiffs in error.

FORSYTH & HOSKINSON; D. S. PRINTUP, for defendant.

JACKSON, Justice.

We are all of opinion that the court erred in striking the entire traverse of the plaintiffs. It appears to have been two-fold in its specifications denying the truth of the gar-

nishee's answer. First, it alleged indebtedness of garnishee to defendant to the amount of five hundred dollars. Upon this allegation it is clear that the plaintiff had the right to go to the jury and prove this indebtedness, if he could. Secondly, it was alleged in amendments to the traverse that Harkins, the defendant, had a claim on Mitchell arising out of a transfer which Mitchell made of certain *fi. fas.* from Gordon superior court in the hands of Warren Akin for collection—Mitchell representing that there was a fund in the hands of the sheriff to pay the *fi. fas.* This transfer was made without recourse on Mitchell to Colclough, Harkins & Glover, who, under instructions from Mitchell, sued Akin, who had collected and appropriated the money for fees due him from Mitchell, and they failed to recover. Before service of garnishment on ·Mitchell and on the dissolution of that firm they assigned their claim on Mitchell to Harkins. And it is this claim which makes the second. traverse of indebtedness. On demurrer, the superior court held that this claim is not assignable and that it is barred by the statute of limitations.

My brethren think that the court erred in so holding, on the ground that Mitchell having instructed Colclough, Harkins & Glover to sue Akin, is estopped to set up the statute of limitations though the transfer of the executions and the representations of Mitchell were made in April, 1871, and the garnishment served in June, 1875, and that the real claim was assignable, being a chose in action arising *ex contractu*. They hold that Akin paid a debt which Mitchell owed him out of this fund which was due on the *fi. fas.* he transferred, and that Mitchell thus received through Akin, Colclough, Harkins & Glover's money, and an action for money had and received lies for it, and was assigned legally, so far as the traverse sets it out; and that thus Mitchell owes Harkins the money.

I rather agree with the court below myself. I think that no action at all could be brought on the transfer, because its express terms are " without any liability whatever "

15

on the part of Mitchell; and that the only right of action which could arise must spring from the false representations of Mitchell in respect to the money which was in the sheriff's hands to pay the *fi. fas.*—that is, an action of deceit, which being a tort is not assignable, the assignability of choses in action being confined to such as arise out of contract. Code, §§2958, 2244.

Moreover, it appears to me that the right of action accrued when the party discovered the fraud and deceit, and when that time was is nowhere alleged. I am not prepared to say, therefore, that, taking the case made by the pleader most strongly against him, the plaintiffs are not barred.

Besides, we all think, I believe, that such an assignment ought to be in writing. It is not alleged that it is assigned in writing; but as there was no special demurrer, on a general demurrer the traverse on this ground perhaps ought not to have been dismissed.

Of course this ruling will send the whole traverse to the jury, and the case must be passed upon by them on its merits. When the whole of the facts are brought out, clearer light may shine upon the case, and the court below and this court see the law of it more satisfactorily on the real point, the amended traverse; which was, we learn outside of the record, the point really ruled below on the demurrer.

Judgment reversed.