### BATES & COMPANY *vs.* FORSYTH, administrator, *et al.*

[On account of providential cause, JACKSON, Chief Justice, did not preside in this case.]

1. Where in payment of a debt a debtor assigns to his creditors certain *fi. fas.*, stating in the transfer that it is "without any liability on my part whatever, they paying and settling all fees and costs due on said *fi. fas.*," the creditors would have no right of action based on the transfer against the debtor, arising out of a failure to realize money on the *fi. fas.*   If they have any right of action at all, it would be by reason of false representations or deceit; and that being an action based on a tort, would not be assignable.

   (*a.*) The transfer of the *fi. fas.* being to a firm, that one of its members was the real creditor, would not give him the right to bring the action in his own name.

   (*b.*) What one cannot recover himself cannot be recovered by garnishment against him.

2. Although one may have the right to bring an action for deceit against another, the tortfeasor is not subject to garnishment at the instance of a creditor of the injured party.   Garnishees are required to answer as to indebtedness and as to assets or property in hand, not as to the torts they may have committed against the defendant in the suit.

   November 28, 1882.

Garnishment.   Debtor and Creditor.   Actions.   Torts. Choses in Action.   Before Judge UNDERWOOD.   Floyd Superior Court.   March Term, 1882.

Reported in the decision.

A. R. WRIGHT; C. N. FEATHERSTON, for plaintiffs in error.

DANIEL S. PRINTUP; C. D. FORSYTH, for defendants.

.SPEER, Justice.

1. This case having been before this court once, as reported in 64 *Ga.*, 232, we deem it necessary to treat only of the single question made by the record as to whether or not the court erred in sustaining the demurrer to the amended traverse filed by the plaintiffs below to the answer of the garnishee.

It appears that Bates & Co. brought suit *vs.* John Harkins in Floyd Superior Court. That on said suit, on 23d June, 1875, they sued out a garnishment, which on 28th June, 1875, was served on D. R. Mitchell. At the next term Mitchell filed an answer denying any indebtedness. This answer the plaintiffs traversed generally, and subsequently amended by a special traverse alleging various facts, as will appear in the record of the former case. The traverses thus filed to the answer were dismissed on demurrer, which was excepted to, and by this court the judgment below reversed and the case remanded. See 64 *Ga.*, 232. When the case again was called, plaintiffs further amended their traverse to the answer of the garnishee, and on demurrer, to said amended traverse the court below sustained the demurrer, and plaintiffs excepted.

It appears that Mitchell, the garnishee, was indebted to the firm of Colclough, Harkins & Glover, merchants of Rome, Georgia, in April, 1871, for merchandise and on that day, made payment in part of said indebtedness by assigning and transferring to them certain *fi. fas.* he owned, issued from Gordon superior court, which were due and collectable; that in said transfer the words,

Bates & Company *vs.* Forsyth, administrator, *et al.*

" without any liability on my part whatever, they paying and settling all fees and costs due on said *fi. fas.*," appeared, and the transfer thus made was signed by Mitchell. It further appears that the *fi. fas.* were in the hands of Warren Akin, Esq., for collection, and on them he collected the sum of $219.00, which he refused to pay to the transferees, Colclough, Harkins & Glover, but claimed the amount to be due him by Mitchell for fees. At the direction of Mitchell, the transferees sued Akin for the amount so collected, but failed not only to collect the $219.00, but were mulcted in costs, etc., to the amount of $28.00. That on the dissolution of the firm it is alleged this claim fell to John Harkins as his property, and hence it is claimed Mitchell owed Harkins said amount, for which he should be held to respond to the plaintiffs in the garnishment. The amended traverse, stricken on demurrer, alleged " that Mitchell transferred said *fi. fas.* to the firm of Colclough, Harkins & Glover and that said firm had refused to accept the same as payment of Mitchell's account, and Harkins had then, with the consent of the other members, himself taken the *fi. fas.* and assumed and paid to the firm Mitchell's account. The firm never owned the *fi. fas.* nor the claim against Mitchell growing out of the same, but the same has always in equity belonged to Harkins. The other members have never, and do not now claim the same, and have given Harkins a written acknowledgment to that effect. This paper is signed by Colclough & Glover. Further it alleged Harkins is insolvent."

This garnishment was served on Mitchell on 28th June, 1875. The main question here is whether, under the facts set forth in the amended traverse last filed, Mitchell was indebted to Harkins so as to make him, Mitchell, liable to plaintiffs as garnishee on their suit against Harkins.

When the case was in this court before, it was of the opinion that the assignment of this chose of action existing between the firm of Colclough, Harkins & Glover,

and Mitchell, could only be assigned to Harkins in writing, in order to convey the indebtedness due to the firm by Mitchell to Harkins. To meet this obvious difficulty, as there was no assignment by the firm of this claim in writing to Harkins, it is by the amendment alleged that Harkins was the real creditor of Mitchell. He paid off Mitchell's account, and that Mitchell was due him for that cause, and hence in equity the debt was due by Mitchell to Harkins.

When Mitchell paid this account by the transfer of the *fi. fas.*, he did so under a special agreement set forth in the transfer to the firm, that he was not to be liable in any event for the collection of said *fi. fas.* This transfer conveyed the legal title of the *fi. fas.* on the terms stated, and in no event could they make Mitchell liable for the failure to receive the money on the *fi. fas.* by an action *ex contractu.* There was the stipulation to the contrary in their way as set forth in the transfer.

On this transfer they had barred themselves from recovery, and their only right to recover, as was stated when the case was here before, " must spring from the false representation of Mitchell in respect to the money which was in the sheriff's hands to pay the *fi. fas.*," that is an action of deceit, which being a tort, is not assignable, the assignability of choses in action being such as arise out of contract. Code, 2958, 2244.

This firm having by the assignment the legal title to these *fi. fas.*, the false representations might give *them* an action for deceit against Mitchell, but we do not see how Harkins could have maintained such action in his own name under this transfer, and if not, Mitchell was not due him by any cause of action he could maintain ; and hence Mitchell could not be liable on any garnishment sued out by any creditor of Harkins for any indebtedness he, Harkins, was not entitled to recover. We see therefore no error in the judgment of the court dismissing the amended traverse filed by the plaintiffs below to the answer of Mitchell, the garnishee.

2. But, admit that Harkins had the equity in this indebtedness, and that he could, on that account, have maintained his action of deceit against Mitchell on account of his false representations, we do not see how one who is guilty and liable for a tort alone, could be made to respond for that tort to a creditor of the one claiming to be wronged. Garnishees are required to answer as to indebtedness and as to assets or property in hand, not as to the torts they may have committed against the defendant in the suit.

Judgment affirmed.