FLANNERY, survivor, *v.* COLEMAN.

Where an insolvent debtor, for the purpose of defeating his existing creditors, caused the title to realty purchased with his means to be made to his wife, the transaction, as between these two, was valid, and, as a result, the wife had a good title against her husband, although she took with knowledge of such purpose ; and a subsequent conveyance by her of the property to him, executed in consideration of the assumption by him of her debt, was a sale of her separate estate to him, and void unless authorized by an order of the superior court of the county of her domicile. LEWIS, J., dissenting.

Argued December 7, 1900.—Decided January 26, 1901.

Levy and claim. Before Judge Smith. Dodge superior court. March 3, 1900.

*DeLacy & Bishop,* for plaintiff.

*D. M. Roberts, E. Herrman,* and *W. M. Clements,* contra.

FISH, J. A mortgage fi. fa. in favor of John Flannery & Co. against Henry Coleman was levied upon two parcels of realty therein described, which were claimed by the defendant's wife, Georgia Coleman. Upon the trial there was a verdict finding the property not subject. Plaintiffs moved for a new trial upon various grounds, which motion being overruled, they excepted. The facts developed

upon the trial, concisely stated, were, that Henry Coleman, being in debt and insolvent, purchased with his own means the property levied on, and, for the purpose of defeating his existing creditors, had the titles to the same made to his wife, Georgia Coleman; that while her husband was engaged in business in her name she gave to the plaintiffs her three notes amounting to $1,560.88, for advances made by them to enable her husband to carry on such business, and to secure the notes she executed to the plaintiffs a mortgage on the property in question; that subsequently, when Coleman had settled the debts which he owed at the time the property was conveyed to his wife, he dropped her name from the business and continued it in his own name; that some time afterwards, without an order of the superior court authorizing her to do so, she conveyed, in separate deeds, the two parcels of realty to her husband, one of such deeds reciting a consideration of $500, and the other a consideration of $1,500; that after the property was conveyed to him by his wife Coleman settled the notes which the plaintiffs held against her, and they had her mortgage marked satisfied on the record, Coleman at the same time, or shortly thereafter, giving his notes to the plaintiffs for $2,600, and securing the same by a mortgage to the plaintiffs on the property conveyed to him by his wife; that Coleman's notes were subsequently renewed, a new mortgage on the same property being given by him to secure them, this last mortgage being the one which was foreclosed. The evidence for the plaintiffs tended to show that Coleman never in fact paid his wife's notes, but that they were included in the notes which he gave to the plaintiffs, and that the amount due by her constituted a part of the indebtedness evidenced by his notes which the mortgage foreclosed was given to secure. Coleman, on the other hand, testified that he did not pay his wife's notes, and that no part of the indebtedness for which his wife's notes were given entered into his notes for which the mortgage foreclosed was given as security.

Upon the trial the plaintiffs tendered an equitable issue in which, among other averments, it was alleged that "the title to the property was conveyed by the said Georgia Coleman to Henry Coleman, upon the assumption of an indebtedness of $1,560.88 principal, besides interest, due by said Georgia Coleman to plaintiffs on her three promissory notes [giving the amounts and dates of maturity of the notes], which were given for advancements made upon the faith of the

property levied upon, and which have not been paid, but entered into the consideration of the mortgage and note upon which the fi. fa. in this case is based." This averment was not denied by the claimant. The plaintiffs here admitted that the indebtedness for which Mrs. Coleman gave her notes was her indebtedness, and that the assumption of this indebtedness by her husband was the consideration for the deeds which she made him to this property. In view of these solemn admissions in judicio made by the plaintiffs, a verdict finding the property not subject was demanded, and therefore it is unnecessary for us to deal with the various grounds of the motion for a new trial. Mrs. Coleman's title to the property was valid as between her and her husband, though she had notice that the title was made to her for the purpose of defeating his creditors. *Jones* v. *Dougherty,* 10 *Ga.* 273 (5); *Bush* v. *Rogan,* 65 *Ga.* 320; *Parrott* v. *Baker,* 82 *Ga.* 364; *McDowell* v. *McMurria,* 107 *Ga.* 812. Under section 2490 of the Civil Code, no contract of sale made by a wife with her husband as to her separate estate is valid, unless the same is allowed by order of the superior court of her domicile. When the plaintiffs admitted that the consideration of the deeds made by Mrs. Coleman to her husband was the assumption by him of her indebtedness, of $1,560.88 and interest, to the plaintiffs, they virtually admitted that she sold the property to her husband; and as there was no order of the superior court of her domicile authorizing such a sale, it was void and no title to the property passed to the husband.

*Judgment affirmed. All the Justices concurring, except*

LEWIS, J., dissenting. 1. When an insolvent debtor, for the purpose of preventing his creditors from subjecting his property to their debts, causes title to realty purchased with his individual means to be made to his wife, with the understanding that the title is to remain in her only until he can compromise or settle with his creditors, and afterwards he does compromise with them, and his wife thereupon deeds him the property conveyed to her, she has no further interest or title, legal or equitable, in the property thus conveyed by her to her husband, and no order of court is necessary to make such conveyance binding upon her. In no legal sense is such property her separate estate within the meaning of the statute which declares that a wife can not sell her separate estate to her husband without an order of the superior court.

2. Where, for the purposes above indicated, the wife acquires title to the property of her husband, and his mercantile business is thereafter conducted in her name, and under these circumstances one in good faith extends credit to the wife, honestly believing that she has a right to encumber the property with the mortgage which she gives as security for her debt; and where, for the purposes mentioned in the preceding paragraph, the husband afterwards acquires a deed to the property and enters into this same mercantile business in his own name, taking up the wife's note and mortgage by giving his own note and mortgage on the same property to secure the amount of the wife's debt, as well as an additional sum advanced him in good faith by the creditor, the wife is estopped from claiming the property as against the levy of a fi. fa. issued on the foreclosure of the mortgage against her husband, at least to the amount of the indebtedness which she formerly undertook to secure by giving her mortgage on the same property to the same creditor.

3. From the record in this case, the above is a fair construction of the transaction between the parties, and the verdict for the wife as claimant, finding the property not subject, was therefore contrary to law and the evidence.