*W. C. Martin* and *W. E. Mann,* contra.

---

HUGHES, for use, etc., v. HARTFORD FIRE INSURANCE Co.

PER CURIAM. The plaintiff, who was the holder of a bond for title from one who in turn held a bond for title from the holder of the legal title to the insured property, brought suit against the insurance company to recover for a total loss by fire of the property insured, the same being a house located on the property which formed the subject-matter of the sale. He alleged that the defendant had issued a policy of insurance to him; that loss had occurred, proof of loss had been made, etc. He sued for the · use of the original vendor and of his immediate vendor from whom he received a bond for title. His evidence showed that the policy had first been issued to the original vendor, but had been transferred, with the assent of the company, to the first vendee and then to the plaintiff. In the entries made by the company as to the first assignment of the policy it was stated that the loss, if any, should be payable to the original insured as his interest might appear. In the entry made by the company as to the second assignment it was stated that the loss, if any, should be payable to the original insured, and the vendee under him, as their interests might appear. There was no clause in the assignments, or added to the policy, which prevented his conduct in taking other insur-

ance on the property from affecting the vendors under whom he claimed. It appeared that the plaintiff was in the possession and enjoyment of the property, had made valuable improvements upon it, and that before the trial he had paid the amount due to his immediate vendor; but there was a balance of the purchase-money due to the original vendor in order to acquire the complete legal title. The policy contained the following clause: "This entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." Without the knowledge or consent of the insurance company or either of the vendors under whom he received the property, and after the assignments of such policy and the making of improvements upon the property by the plaintiff, he took out another policy of insurance in another company upon the same property. *Held:*

1. Under the plaintiff's allegations and evidence, his right to recover for his own use or that of others was based on his having the legal title to the property.

2. Treating the policy as having been assigned to the plaintiff with the assent of the company, under the circumstances above stated, the legal effect of the transaction was as if upon the assignment of the policy to the plaintiff, with the assent of the company, a new policy had been issued to him upon the same terms as those contained in the old policy, with loss, if any, payable to his immediate vendor and the original vendor, as their interests might appear, and that, in the absence of any clause or provision preventing his conduct from affecting such vendors, the taking out of another policy thereafter by him operated to avoid such original policy; and in a suit brought by him upon such policy, when the facts were disclosed as above indicated, a nonsuit was property granted. Civil Code, § 2489; 19 Cyc. 635-636; 2 Clements on Fire Insurance, 266-268; 2 Cooley's Briefs on Insurance, 1063; Heyl *v.* Ætna Ins. Co., 144 Ala. 549 (38 So. 118); Dumphy *v.* Commercial-Union Assurance Co. (Texas), 142 S. W. 116.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 25, 1916.

Action upon insurance policy. Before Judge Wright. Chattooga superior court. September 15, 1914.

The bill of exceptions assigns error upon a judgment granting a nonsuit. The action was by M. J. Hughes, suing for the use of S. A. Hale and J. G. Davis, upon a fire-insurance policy for an alleged loss covered by the policy. The insurance policy covered a certain building, and purported to "insure S. A. Hale for the term of one year" from the date of the policy, and contained, among others, the following provisions: "This entire policy, unless otherwise provided by agreement endorsed hereon, or added

hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." The motion for nonsuit was upon the ground "that additional insurance had been taken out by Mr. Hughes without the consent of the defendant company, and that this voided the policy." So far as material to be stated, evidence to the following effect was introduced on the trial: S. A. Hale owned the property at the time the policy of insurance was issued. He made an executory contract for the sale of the property to J. G. Davis, and issued to Davis a bond for title, conditioned to convey the property upon payment of the purchase-price in the future, and admitted Davis into possession. The transaction was duly reported to the agents of the insurance company who issued the policy, and they made and signed the following entry on the policy: "For value received policy No. 387 is transferred to J. G. Davis, payable to S. A. Hale as his interest may appear." Subsequently Davis made a sale of his interest in the property to M. J. Hughes at an advanced price, and the latter was admitted into possession under a bond for title. This transaction was reported to the agents of the insurance company, who made and signed the following entry upon the policy: "This is to certify that policy No. 387 is this day transferred to M. J. Hughes, payable to S. A. Hale and J. T. [G. ?] Davis as their interests may appear, and reports sent to company." After Hughes became the purchaser he made improvements on the property and paid off the amount he owed to Davis on the purchase-price, but continued to carry the debt owed to Hale. After making his purchase, Hughes, without the knowledge or consent of Hale, Davis, or the insurance company, procured another insurance policy on the property in a different company, in which policy he was named as the insured. After this insurance was procured the fire occurred, which was before the date mentioned in the first policy as the time for its expiration. It was the insurance thus procured by Hughes that the defendant company insisted produced an avoidance of the contract of insurance with Hale. On the question the trial judge held with the defendant and granted a nonsuit.

*Wesley Shropshire* and *Maddox & Doyal,* for plaintiff.

*King & Spalding,* for defendant.