FIRST NATIONAL BANK OF DUBLIN *et al. v.* COLONIAL FIRE UNDERWRITERS INSURANCE COMPANY *et al.*

HINES, J.  1.  Where at the appearance term certain defendants to a petition, in which the plaintiffs sought the appointment of a receiver, injunction, and certain other alleged equitable relief, moved to dismiss the petition on the grounds, (1) that they had not been legally served, and (2) because the court was without jurisdiction, as no substantial relief was prayed against any defendant residing in the county where the suit was brought, and also demurred on the ground, among others, that there was no equity in the petition; and where the court passed no order overruling said motion and demurrer, but after a hearing on March 17, 1923, at which these defendants urged the grounds of said motion and demurrer as reasons why such relief should not be granted, the court appointed a receiver and granted an injunction as prayed, to which judgment the defendants excepted pendente lite, on the grounds that it was contrary to law, and that the court erred, (*a*) in not dismissing the petition for want of equity, (*b*) in not declining to appoint a receiver, (*c*) in granting said injunction, and (*d*) in not dismissing the petition as to these defendants for want of proper and legal service, which exceptions pendente lite were duly certified May 12, 1923, and filed three days later; and where thereafter, on November 12, 1924, said cause came on for trial, when said defendants moved to dismiss the petition on the ground that there was no equity in it, which motion, after the plaintiffs had amended their petition, which amendment was by the court duly allowed, was sustained and the petition was dismissed, to which judgment of dismissal the plaintiffs excepted on the ground that it was contrary to law, and brought the same to this court for review, *Held:*

(*a*)  Matters presented by motion to dismiss a petition, which are overruled on an application for the appointment of a receiver and the grant of an injunction, may be again urged at the proper time on demurrer to the petition, if they are pertinent as grounds of demurrer (*National Bank* v. *Printup,* 63 *Ga.* 570); and although a demurrer for want of equity may have been urged as cause against the appointment of a receiver and the grant of an injunction, and although the injunction may have been granted and the receiver appointed, and that judgment may have been affirmed by this court, yet this does not preclude the defendant from insisting upon the demurrer in term, and does not estop the court in passing upon it.  *Old Hickory Distilling*

*Co.* v. *Bleyer,* 74 *Ga.* 201; *Crovatt* v. *Baker,* 130 *Ga.* 507 (61 S. E. 127).

(b) The judgment of a trial court appointing a receiver or granting an injunction, when the same depends entirely upon a question of law, is upon its affirmance by the Supreme Court, while not a final judgment in the case, a final adjudication of such question. *City of Atlanta* v. *First Methodist Church,* 83 *Ga.* 448 (10 S. E. 231); *Ingram* v. *Mercer University,* 102 *Ga.* 226 (29 S. E. 273); *Atlanta Trust &c. Co.* v. *Nelms,* 119 *Ga.* 630 (46 S. E. 851); *Ga. Ry. &c. Co.* v. *Decatur,* 153 *Ga.* 329 (111 S. E. 911).

(c) A judgment to be the basis of res adjudicata must be final in its nature; and the order appointing a receiver and granting an injunction is wholly provisional, preliminary, preparatory, and looks to a future and final hearing more deliberate, solemn, and complete than the one resulting in such appointment and interlocutory injunction; and while contemplating what the result of that hearing may be, it by no means settles what it shall be. *National Bank* v. *Printup,* supra.

2. J. D. Boney Sr., being the owner of land with a dwelling thereon, on March 23, 1921, insured said dwelling by separate policies in the Colonial Fire Underwriters Insurance Company, the Phœnix Fire Insurance Company, and the Globe & Rutgers Fire Insurance Company. On April 1, 1922, he conveyed said land to W. M. Boney, and, with the consent of the insurers, assigned said policies to W. M. Boney, a written assignment being attached to each policy. Creditors of J. D. Boney Sr. filed their petition against him and W. M. Boney, to cancel said conveyance of land, on the ground that it was made by the grantor to delay, hinder, and defraud his creditors, such intention being known to the grantee. On October 27, 1922, a decree was rendered cancelling said deed. On November 23, 1922, said residence was totally destroyed by fire. On December 18, 1922, the plaintiffs, as judgment creditors of J. D. Boney Sr., filed their equitable petition against J. D. Boney Sr., W. M. Boney, and the above insurers, in which they sought to enjoin the Boneys from collecting said insurance and the insurers from paying the same over to W. M. Boney, and in which they undertook to have said insurance applied to the payment of their judgments, on the grounds, first, that in equity and in good conscience it should be so applied, and secondly, that the effect of said decree cancelling said deed and putting the title back in J. D. Boney Sr. was to confer on J. D. Boney Sr. all the rights of the insured. On the call of the case for trial the above insurers moved to dismiss the petition, on the ground that it was without equity. The trial judge sustained the motion. *Held:*

(a) Although the conveyance from J. D. Boney Sr. to W. M. Boney was fraudulent, and therefore void as to the creditors of the former, it was nevertheless valid as between the grantor and grantee. *Tufts* v. *DuBignon,* 61 *Ga.* 322; *Parrott* v. *Baker,* 82 *Ga.* 364 (9 S. E. 1068); *McDowell* v. *McMurria,* 107 *Ga.* 812 (33 S. E. 709, 73 Am. St. R. 155); *Flannery* v. *Coleman,* 112 *Ga.* 648 (37 S. E. 878); *St. Paul Ins. Co.* v. *Brunswick Co.,* 113 *Ga.* 786 (39 S. E. 483).

(b) The policies of insurance taken out by J. D. Boney Sr. having been assigned by him to W. M. Boney, with the assent of the companies,

when the former conveyed the premises insured to W. M. Boney, the effect of the transaction was as if, upon the assignment of the policies to W. M. Boney with the assent of the insurers, new policies had been issued to the last named upon the same terms as those contained in the old policies. *St. Paul Ins. Co.* v. *Brunswick Co.*, supra; *Hughes* v. *Hartford Fire Ins. Co.*, 144 *Ga.* 740 (87 S. E. 1042) ; *Finleyson* v. *Liverpool &c. Ins. Co.*, 16 *Ga. App.* 51 (84 S. E. 311).

(c) In the circumstances, neither J. D. Boney Sr. nor his creditors could hold the insurers liable, it being well settled that creditors can not reach by garnishment assets which their debtor could not recover from the garnishee. *Bates* v. *Forsyth*, 69 *Ga.* 365 (1b) ; *Tim* v. *Franklin*, 87 *Ga.* 93 (13 S. E. 259) ; *St. Paul Ins. Co.* v. *Brunswick Co.*, supra. It follows that the same rule is applicable when the proceeding to reach such assets is in the nature of an equitable garnishment.

(d) The principle embodied in section 2488 of the Civil Code is not applicable under the facts of this case. That section is not of statutory origin. It first appeared in section 2761 of the Code of 1861. It is a codification of a principle of the general law of insurance in force at the time of the adoption of our first Code. 27 C. J. § 336; *Georgia Fire Asso.* v. *Borchardt*, 123 *Ga.* 181 (51 S. E. 429, 3 Ann. Cas. 472). Section 2488 of the present Code, like section 2487, refers to a transfer of the property or policy by operation of law, or under an order of court, after loss has occurred.

3. Applying the principles above announced, the trial judge did not err in dismissing the petition for lack of equity.

*Judgment affirmed. All the Justices concur.*

No. 4655. MARCH 12, 1925.

Equitable petition. Before Judge Shurley. Laurens superior court. November 12, 1924.

*C. C. Crockett*, for plaintiffs.

*J. E. Burch* and *Smith, Hammond & Smith*, for defendants.