Decided April 9, 1935.

24575. CURTIS *v.* BAILEY *et al.*

SUTTON, J. 1. "In cases where suit shall be pending, or where judgment shall have been obtained, the plaintiff shall be entitled to the process of garnishment." Code of 1933, § 46-101. "All debts owing to the defendant, and all property, money or effects of the defendant coming into the hands of the garnishee at the date of the service of the summons of garnishment or at any time from the date of said service to the date of the garnishee's answer shall be subject to the process of garnishment." § 46-201.

2. Where there is pending a tort action by the plaintiff against the defendant for damages by reason of personal injuries alleged to have been incurred because of the negligence of the defendant, the same is a demand for money, whether liquidated or not. *Westmoreland v. Powell,* 59 *Ga.* 256; *McElhaney v. Crawford,* 96 *Ga.* 174, 176 (22 S. E. 895). In *Walker v. Zorn,* 56 *Ga.* 35, it was held that a count for mesne profits was a claim for money and would support a garnishment proceeding, and that "The Code seems broad enough to embrace all money demands, whether resting on *tort* or on contract."

3. The claim, debt, or demand owing by the garnishee to the defendant, to be subject to the process of garnishment, can not be an unliquidated claim for damages against the garnishee. *Bates v. Forsyth,* 69 *Ga.* 365; *Gamble v. Central R. Co.,* 80 *Ga.* 595, 600 (7 S. E. 315, 12 Am. St. R. 276); *Southern Ry. Co. v. Hodgson,* 148 *Ga.* 851 (2) (98 S. E. 541). "Garnishees are required to answer as to indebtedness and as to assets or property in hand, not as to torts they may have committed against the defendant in the suit." *Bates v. Forsyth,* supra. While *Walker v. Zorn,* supra, is not "authority for garnishing a tort-feasor before final judgment is rendered against him, it is authority for garnishing a debtor by contract, though the action in aid of which the garnishment issues be ex delicto, like the count for mesne profits in ejectment." *Gamble v. Central R. Co.,* supra.

4. So a plaintiff in a pending tort action for damages for personal injuries alleged to have been caused by the negligence of the defendant may take out a garnishment proceeding against a contract debtor of the defendant in the tort action, or against one who has property, money, or effects in his possession belonging to the defendant in the tort action.

5. It follows that the trial judge erred in dismissing the garnishment proceedings in this case.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided April 9, 1935.

*Hammond, Kennedy & Kennedy,* for plaintiff.
*C. W. Killebrew,* for defendants.