**RELIABLE TRANSFER CO. v. GALLAHAR.**
**SAME v. BLANCHARD.**
Civil Actions Nos. 218, 219.

District Court, S. D. Georgia,
Augusta Division.

Feb. 23, 1944.

Randall Evans, Jr., and Jack D. Evans, both of Thomson, Ga., for plaintiff.

Bussey, Fulcher & Hardin, of Augusta, Ga., for defendants.

LOVETT, District Judge.

The plaintiff in these cases seeks to restrain proceedings brought in the state court against it by the defendants after the decision of this court in Gallahar v. George A. Rheman Co., 50 F.Supp. 655. Reliable Transfer Company had been dismissed as a defendant in Mrs. Gallahar's suit pending in this court, but the action proceeded against the other defendants. In Blanchard's case an amendment had been disallowed in which he sought to add a claim for personal injuries to his suit for property damages. After a mistrial in Mrs. Gallahar's case in this court, and while the suits were still pending here, new suits were brought in the state court which the Transfer Company says are based on the same causes of actions which they tried unsuccessfully to prosecute against it in this court but which are not yet finally disposed of.

The case has been heard on the pleadings in the state court and in this court, all of which are hereby made a part of this record.

The plaintiff Transfer Company urges as grounds for injunction that (a) it may not plead res judicata in the state court, as the cases here are not finally adjudicated; that on appeal it may be determined hereafter this court erred in dismissing it as a party defendant in the one case and in disallowing the amendment in the other, (b) it may not plead the pending suit here in abatement in the state court because, while

the causes of action are the same the defendants are different, i. e., several defendants here and only one in the state court and (c) having obtained favorable judgments here it ought not to be required to litigate the issue again in another forum. Mrs. Gallahar and Mr. Blanchard, denying that the causes of action are the same, reply that there has been a final adjudication in this court and whatever rights the Transfer Company may assert here are equally available in the state court; that the right of appeal they themselves may have from the adverse judgments in this court makes the judgments none the less final. They also say by making a general appearance in the state court, though after seeking an injunction here, the Transfer Company has estopped itself from now urging it has no adequate defense at law.

If the causes of action set up in the new suits in the state court are the same as those to be litigated in this court, and if there has been no final adjudication, the cases having been removed from the state court originally it is clear these bills for injunction are maintainable. If it were otherwise, in removed cases the whole purpose of the removal statute could be frustrated by renewal of the suits in the state court. If, on the other hand, there has been a final judgment or disposition of the issue, an injunction ought not to issue, as a plea of res judicata in the state court is an adequate remedy. French, Trustee, v. Hay, 89 U.S. 250, 22 Wall. 250, 22 L.Ed. 857; Dietzsch v. Huidekoper, 103 U.S. 494, 498, 26 L.Ed. 497; Toucey v. New York Life Ins. Co., 314 U.S. 118, 129, 133, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967; Roach v. First Nat. Bank, 5 Cir., 84 F.2d 969(3), 970; Armstrong v. Alliance Trust Co., Ltd., 5 Cir., 126 F.2d 164, 169; Denver-Greeley, etc., Ass'n v. McNeil, 10 Cir., 131 F.2d 67(5), 70. A judgment to be the basis of res judicata must be final in its nature. Merriam Co. v. Saalfield, 241 U.S. 22, 28, 36 S.Ct. 477, 60 L.Ed. 868; First Nat. Bank v. Colonial, etc., Ins. Co., 160 Ga. 166(1 C), 127 S.E. 455. For a discussion of final decision authorizing an appeal, see Hunteman v. New Orleans Pub. Service, 5 Cir., 119 F.2d 465.

Without attempting to distinguish between a final decision or judgment authorizing an appeal and an adjudication in its nature final until set aside or reversed by higher authority, on which much perhaps might be said, I have reached the conclusion that an injunction should issue in Mrs. Gallahar's case but should be refused in the Blanchard case.

Upon comparison of the pleadings in the two suits of Mrs. Gallahar I find no substantial difference. The causes of action seem to be the same. It has been determined in this court she had not stated a claim for relief against the Transfer Company. That judgment is still open to review. When there has been a final judgment as to the remaining defendants in this court, Mrs. Gallahar may call in question on appeal the correctness of the judgment dismissing the Transfer Company as a defendant. It would be an anomalous situation if, for example, that judgment should be affirmed and nevertheless the state courts allowed her to proceed to final judgment and she recovered there, and the state courts of review affirmed. It would be equally anomalous if there was a reversal of the judgment in this court and she had the two causes of action for the same wrong proceeding at the same time, one removed from the state court and the other retained there. Such possible conflicts of jurisdiction between courts of the State and of the United States ought to be avoided if possible. If the judgment heretofore entered in this court is affirmed, that will put an end to the litigation insofar as the Transfer Company is involved. If reversed, the issues can be tried and determined here. Until reversed, the issues once determined ought not to be re-litigated. I am inclined to the view that a plea of res judicata may be good in the state court. In view of the doubts expressed by counsel for the Transfer Company, I think the safer thing to do at this time is to enjoin the parties from proceeding further in the state court, though the action may be allowed to remain pending there until the case here has progressed nearer to a final, appealable judgment.

As to the Blanchard case, the matter stands differently. Before he sought to amend his suit here and add a claim for personal injuries to his suit for property damages the Transfer Company had been dismissed as a party defendant. The amendment was disallowed because it seemed to me to be based on mental suffering alone, unaccompanied by any physical injury. Cf. Clack v. Thomason, 57 Ga.App. 253, 195 S.E. 218, and cases there cited. He did not sue, and could not have sued, the Transfer Company when it was

not before this court, and his amendment did not seek to do so. His pleadings affirmatively so show. Moreover, by amendment to his new suit in the state court he attempts to plead an entirely different cause of action by alleging a different truck as the offending vehicle, with a different driver, and certain acts of negligence of the Transfer Company unrelated, as I understand it, to the negligence of the driver. I see no reason, therefore, why that case should not be allowed to proceed, as I consider it between different parties and on another cause of action than that which he sought to plead here. The injunction will be denied in that case.

 A last word as to estoppel. The appearance by the Transfer Company in the state court after it had applied to this court for an injunction was not an abandonment of the proceedings here and was entered doubtless to prevent a default there. If, as contended, when not fully advised it entered pleas of res judicata and former pending action, that fact when it seeks to remedy it ought not to constitute a forfeit to the right to injunction.

Let orders be presented on notice.