33142. BRENAU COLLEGE *v.* MINCEY *et al.*

Decided September 14, 1950. Rehearing denied October 6, 1950.

*I. A. Blanch,* for plaintiff.
*Bryan, Carter & Ansley,* for defendants.

Sutton, C. J. Brenau College obtained a judgment against E. E. Mincey in the Civil Court of Fulton County, in December, 1942, for $1370.52, principal, besides interest, attorney's fees, and costs; and an execution was issued upon that judgment. In 1948, Mrs. Minnie Louise Mincey, wife of E. E. Mincey, filed

a tort action for damages against Dr. A. O. Linch, for alleged malpractice in the performance of an operation upon her; and on the same date E. E. Mincey filed a tort action against Dr. A. O. Linch for the loss of service of his wife on account of the alleged negligent operation performed on her by Dr. A. O. Linch. On May 21, 1948, while these tort actions were pending in De-Kalb Superior Court, Brenau College had a summons of garnishment, based on its judgment against E. E. Mincey, served on Dr. A. O. Linch, the same being answerable in the City Court of Decatur on the third Monday in July, 1948, which time was extended by stipulation and order to any time during the September term, 1948, of said city court. In the tort action of E. E. Mincey against Dr. A. O. Linch, a verdict and judgment were rendered in favor of the defendant, Dr. Linch, on September 16, 1948, the same being consented to by E. E. Mincey. On the same date, Mrs. Mincey's suit against Dr. Linch was dismissed by consent of her attorneys and she was paid $2000 in settlement of her case and she signed a release to Dr. Linch, on September 21, 1948, and E. E. Mincey also signed a release on that date.

On September 20, 1948, Dr. Linch, the garnishee, filed a sworn answer in the City Court of Decatur denying that he had any money or property or effects belonging to E. E. Mincey, or that any money, property, or effects belonging to E. E. Mincey had come into his hands from the date of the service of said summons of garnishment up to the filing of the answer. Brenau College traversed the answer of the garnishee. The case proceeded to trial and a verdict was directed in favor of the garnishee. Brenau College made a motion for a new trial, which was overruled, and the exception here is to that judgment.

■ The contention of counsel for the defendant in error in their brief, that the motion for new trial was filed too late and for that reason is invalid and void, cannot be sustained under the record as here presented. It does not appear that this question was raised before the trial judge passed on the merits of the motion, but it was raised for the first time by counsel in their brief in this court. This question is controlled by Code § 6-805, which is as follows: "Where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds

of such motion, or of the approval of the brief of evidence, or of the filing of such motion or brief, or of the jurisdiction of the judge to entertain the motion at the time he did, if the parties acquiesced in his entertaining it at that time, no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge."

■ It is well-settled law in this State that the defendant in a tort action is not subject to garnishment until the tort claim is reduced to judgment. It was held in *Bates & Co.* v. *Forsyth*, 69 *Ga.* 365 (2), that although one may have the right to bring a tort action against another, the tort-feasor is not subject to garnishment at the instance of a creditor of the injured party, and that "Garnishees are required to answer as to indebtedness and as to assets or property in hand, not as to the torts they may have committed against the defendant in the suit"; and in *Gamble* v. *Central R. & Bkg. Co.*, 80 *Ga.* 595 (2) (7 S. E. 315, 12 Am. St. R. 276), it was held that "The defendant in an action for a tort is not subject to garnishment till final judgment is recovered. A garnishment issued and served after a first verdict for the plaintiff in the action, which verdict is subsequently set aside and a new trial granted, and answered before a second trial is had, the answer denying any indebtedness, seizes nothing and takes no lien on the final recovery." Also, see *Southern R. Co.* v. *Hodgson Bros. Co.*, 148 *Ga.* 851 (2) (98 S. E. 541), and *Curtis* v. *Bailey*, 51 *Ga. App.* 119 (3) (179 S. E. 633), to the same effect.

As above stated, Brenau College sought to garnish the tort claim of E. E. Mincey against Dr. A. O. Linch. The undisputed evidence shows that Mincey did not recover in that suit, but that a verdict and judgment were rendered therein in favor of Dr. Linch, and that E. E. Mincey received nothing from Dr. Linch or anyone else as a result of said suit. The uncontroverted evidence further showed that the claim of Mrs. Louise Mincey against Dr. Linch was settled for $2000 and her tort action was dismissed, and that E. E. Mincey did not receive any part of the money that was paid to Mrs. Mincey in settlement of her suit.

■ Under the facts of this case and the law applicable thereto, the trial judge did not err in overruling the plaintiff in error's

motion for a new trial, the motion containing the general grounds only.

*Judgment affirmed. Felton and Worrill, JJ., concur.*