## 58620. BOONE v. RANGER INSURANCE COMPANY.

BIRDSONG, Judge.

Summary judgment. Appellant, Mrs. Boone, brought a garnishment action against the appellee, Ranger Insurance Company. The evidence shows that Mrs. Boone's deceased husband was a passenger in a private aircraft owned by Fountain City Aviation and rented to one Kilgore, a licensed pilot. Kilgore flew several passengers from Columbus to Rome and returned to Columbus, where the plane crashed, killing all aboard. Ranger Insurance Co. was the insurer of the aircraft. Fountain City Aviation brought suit against Ranger seeking to recover damages for the loss of the aircraft. Ranger denied coverage on the ground that Kilgore did not possess a proper medical certificate as required by F. A. A. Regulations. Ranger appealed to this court the grant of summary judgment to Fountain City Aviation. *Ranger Ins. Co. v. Columbus-Muscogee Aviation,* 130 Ga. App. 742 (204 SE2d 474). On appeal, this court reversed the grant of summary judgment to Fountain City Aviation and directed an entry of summary judgment to Ranger. In that case this court considered and expressly determined that the Pilot Clause in the policy of insurance was clear and unambiguous and that the requirement for a medical certificate related to the flying qualifications of the pilot. Thus, inferentially that opinion concluded that the limitation of liability based upon absence of such a certificate did not violate the provision of Code Ann. § 56-2439 relating to exclusionary clauses in aircraft insurance policies and that the requirement that a pilot hold a valid medical certificate related to pilot "status" and did not constitute a condition subsequent tending illegally to vitiate coverage. Subsequently, Mrs. Boone brought suit against Fountain City for the wrongful death of her deceased husband. Ranger declined to defend and Fountain City did not answer. A default judgment was taken against Fountain City Aviation in favor of Mrs. Boone in the amount of $675,000. Mrs. Boone then sought to garnishee Ranger based upon the asserted insurance coverage. Ranger answered denying that it held any assets belonging to Fountain City Aviation. In this appeal, Mrs.

Boone in effect suggests that the reliance placed by this court in the earlier cases cited in *Ranger,* supra (*Atlanta Air Fleet v. Insurance Co. of N. America,* 130 Ga. App. 15 (202 SE2d 192); *Farmers &c. Bank v. Ranger Ins. Co.,* 125 Ga. App. 166 (186 SE2d 579); *Grigsby v. Houston Fire &c. Ins. Co.,* 113 Ga. App. 572 (148 SE2d 925)) and the reasoning of this court in *Ranger,* supra, is faulty and all these cases should be overruled. Lastly Mrs. Boone argues that the trial court erred in relying on an alleged doctrine of res judicata arising from the *Ranger* case, supra, inasmuch as Mrs. Boone was not a party to that suit and is not bound by its holding. *Held:*

1. We have considered Mrs. Boone's arguments both on their own merits and in light of the holding of *Ranger,* supra. We also have taken cognizance of the sympathetic comments of the trial court in its order granting summary judgment to appellee Ranger . However, like the trial court, we feel duty bound to be just before we are generous. *Pa. Millers Mut. Ins. Co. v. Heule,* 140 Ga. App. 851, 854 (232 SE2d 267). Mrs. Boone has presented no new or persuasive arguments why the reasoning and decision of this court in *Ranger,* supra, is erroneous. Therefore, we decline to overrule that case or any of the cases upon which it is based. This conclusion renders Enumerations 1 and 3 meritless.

2. In her second enumeration of error, Mrs. Boone argues that the trial court erroneously relied upon the doctrine of res judicata in granting summary judgment to Ranger. We believe this to be an unwarranted assumption by Mrs. Boone. As was said by our Supreme Court in 1866: "When a question has once been decided by this Court, we desire it to be distinctly understood that such decision is, with us, *authority.* If counsel can furnish us a decision, of this Court, *in point,* he need go no further in his investigations. It is unnecessary to consume his own time and ours, in arguing that such decision is *the law.* With us such decision is *conclusive* of what the law is, until changed by the law making power." *Gray v. Gray,* 34 Ga. 499, 501. The court there clearly was addressing the subject of stare decisis. To us it is equally obvious that the trial court here felt bound by the doctrine of stare decisis and not the doctrine of res judicata. This enumeration

likewise lacks merit.

3. We are aware that a garnishing plaintiff has no better position in respect to the garnishee than the judgment debtor, and if such debtor cannot get judgment against the garnishee, the garnishing plaintiff will also be unable to prevail (*Lamb v. Allstate Ins. Co.,* 103 Ga. App. 107 (118 SE2d 740)). We also conclude that all issues in this case involved questions of law and did not require any resolutions of contested fact. In such a case, the trial court did not err in granting summary judgment to the appellee Ranger Insurance Company. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED OCTOBER 17, 1979 — DECIDED JANUARY 8, 1980 —

*William L. Tucker, Paul V. Kilpatrick, Jr., John Michael Tanzine, III, Frank K. Martin,* for appellant.
*Sewell K. Loggins,* for appellee.