## A98A1978. METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY v. CRUMP et al.
### (513 SE2d 33)

SMITH, Judge.

We granted this application for interlocutory appeal to consider whether an individual who has recovered a judgment against a tortfeasor may garnish the tortfeasor's unasserted and unassigned claim against his own insurance company for failure to settle within policy limits. Because we agree with appellant that the judgment creditor here had no standing to pursue this garnishment, we reverse.

Appellee Joyce Crump brought an action for damages against James Smith arising out of an automobile collision. At the time of the collision, Smith held an insurance policy with appellant Metropolitan Property & Casualty Insurance Company with a liability limit of $25,000 per person. In a jury trial, Crump obtained a judgment against Smith in excess of $1,000,000.[1] Metropolitan tendered the liability limits of its policy, plus interest, into the registry of the court.

Crump then filed a garnishment action against Metropolitan in DeKalb State Court, seeking to garnish Smith's potential claim against Metropolitan for failure to settle within policy limits in order to satisfy the remainder of her judgment. The record does not reveal any suit, claim, settlement, release, or assignment between Smith and Metropolitan; it is a potential claim only.

Metropolitan moved to dismiss the garnishment on the basis that Crump lacked standing to assert Smith's inchoate claim, and Crump moved to strike the portion of Metropolitan's answer asserting that defense. The trial court denied Metropolitan's motion to dismiss and granted Crump's motion to strike. We granted Metropolitan's application for interlocutory review, and this appeal followed.

It is well established that a claimant in an automobile collision case has no "employment, contractual, or other relationship" with the

---

[1] That judgment was affirmed in *Smith v. Crump*, 223 Ga. App. 52 (476 SE2d 817) (1996).

other driver's liability insurer, beyond any claim he or she may have under the terms of the policy itself. *Superior Ins. Co. v. Dawkins*, 229 Ga. App. 45, 50 (3) (494 SE2d 208) (1997). See also *Nationwide Mut. Ins. Co. v. Turner*, 135 Ga. App. 551 (218 SE2d 276) (1975) (third-party uninsured motorist may not maintain action against other motorist's liability insurer for failure to settle within policy limits). Here, garnishment has been employed as an alternative means of asserting a claim against the insurer.

The use of garnishment in this manner is controlled adversely to Crump by this court's decision in *Francis v. Newton*, 75 Ga. App. 341, 344 (1) (43 SE2d 282) (1947), a garnishment action based upon essentially identical facts.[2] In *Francis*, as here, the injured party in an automobile collision obtained a judgment, then served a garnishment on an insurance company based on that insurer's failure to settle the injured party's claim within policy limits. This court held that an insured may make a claim against his insurer for negligence, fraud, or bad faith in failing to compromise a covered claim, but

> it does not follow that a person injured by the insured and who is not a party to the insurance contract may complain of the negligence or bad faith of the insurer towards its policyholder in failing to adjust or compromise a claim against such policyholder, for the duty of the insurance company to use ordinary care and good faith in the handling of a claim against its insured arises out of the relationship between the insurer and the insured created by the contract or policy of insurance, and there is no fiduciary relationship or privity of contract existing between the insurer and a person injured by one of its policyholders. [Cit.]

Id. at 344. This decision recently was cited with approval in *Southern Gen. Ins. Co. v. Ross*, 227 Ga. App. 191 (489 SE2d 53) (1997), observing that Ross, a judgment creditor, had no right to assert the claims of Barber, the insured, for Barber's insurance company's bad faith failure to settle, "as Ross, who was not an insured and had received no assignment of Barber's claim, had no standing to do so. See *Francis v. Newton*, [supra at] 344 (1)." Id. at 197, n. 2.[3]

Moreover, this court also has held:

---

[2] Metropolitan cites rulings from twenty-six states and four federal courts agreeing with *Francis*, but in the presence of this controlling Georgia authority, it is not necessary to recite those decisions.

[3] Crump asserts that *Francis* is inapplicable because it involves "demurrer practice." But *Francis* is not an appeal of a demurrer, but on the grant of a nonsuit at the close of plaintiff's evidence, the equivalent of a directed verdict. See *Bendle v. Ortho Mattress*, 133 Ga. App. 575, 579 (211 SE2d 618) (1974).

> It is well-settled law in this State that the defendant in a tort action is not subject to garnishment until the tort claim is reduced to judgment. . . . [A]lthough one may have the right to bring a tort action against another, the tort-feasor is not subject to garnishment at the instance of a creditor of the injured party. . . . Garnishees are required to answer as to indebtedness and as to assets or property in hand, not as to the torts they may have committed against the defendant in the suit. . . . The defendant in an action for a tort is not subject to garnishment [until] final judgment is recovered.

(Citations and punctuation omitted.) *Brenau College v. Mincey*, 82 Ga. App. 429, 431 (61 SE2d 301) (1950). And it is equally well established that a claim for bad faith refusal to settle within policy limits sounds in tort, not contract. *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 870 (1) (310 SE2d 513) (1984); *Alexander Underwriters Gen. Agency v. Lovett*, 182 Ga. App. 769, 772-773 (2) (357 SE2d 258) (1987).

Crump cites language from *Jefferson Ins. Co. &c. v. Dunn*, 224 Ga. App. 732, 739 (5) (a) (482 SE2d 383) (1997), rev'd, 269 Ga. 213 (496 SE2d 696) (1998), stating that a chose in action is subject to garnishment. While the opinion in *Jefferson* goes on to state that, in that case, a judgment creditor could treat a potential claim by the judgment debtor against its insurer as a chose in action, any conclusion that such a claim is subject to garnishment is obiter dicta as well as contrary to the authority cited above. Furthermore, *Jefferson* is distinguishable on its facts.

In *Jefferson*, the plaintiff judgment creditor brought a claim against his debtor's insurance company, claiming conspiracy and fraudulent conveyance. He alleged that the debtor and its insurance company had conspired to enter into a fraudulent release of all claims, including any claim for bad faith failure to settle within policy limits, while the debtor was insolvent, and presented evidence supporting the existence of a conspiracy. 224 Ga. App. at 734-735. This court held that the release was a forbearance to bring a doubtful claim and constituted valuable consideration for purposes of a fraudulent conveyance. Id. at 739 (5) (a). In reversing, the Supreme Court held that a policy exclusion applied, so no valuable asset was fraudulently transferred. 269 Ga. at 215-216. In this case, in contrast, Crump has no direct claim against the insurer for fraudulent conveyance or conspiracy to defraud.

Any statement made in *Jefferson* regarding the susceptibility to garnishment of choses in action is purely dicta, as *Jefferson* did not involve a garnishment. "[S]tatements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter

dicta, and lack the force of an adjudication." (Citation and punctuation omitted.) *Little v. Fleet Finance*, 224 Ga. App. 498, 501 (1) (481 SE2d 552) (1997).

For these reasons, Crump lacked standing to bring a garnishment claim against Metropolitan based upon an inchoate, potential claim in tort that had never been made, sued or assigned by the judgment debtor, Smith.[4] Accordingly, the trial court erred in striking Metropolitan's defense and denying Metropolitan's motion to dismiss.

*Judgment reversed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 1999 —
RECONSIDERATION DENIED MARCH 18, 1999 — 

*Womble, Carlyle, Sandridge & Rice, Jonathan M. Engram*, for appellant.

*Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, Linda A. Klein, Stephen M. Ozcomert*, for appellees.

---

[4] We note that the trial court's assertion that provisions of the Workers' Compensation Act may be applied to this case, by analogy, "spirit," or otherwise, is without merit. This action does not fall within the purview of that Act. See OCGA § 34-9-1.