S04G1193. ROSS et al. v. ST. PAUL REINSURANCE COMPANY, LTD.

(610 SE2d 57)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *St. Paul Reinsurance Co. v. Ross*, 266 Ga. App. 75 (596 SE2d 193) (2004), to

---

[6] Id. at 83.

[7] Id. at 84.

determine whether the Court of Appeals was correct in holding that the question of whether an insurance policy provided coverage for a tort judgment debtor could not be litigated in a garnishment action against the judgment debtor's insurer. Finding that the Court of Appeals erred, we reverse.

After a shooting in the parking lot of a nightclub owned by Jeff Akhtar injured the Rosses' son, the Rosses were awarded a judgment against Akhtar in the amount of $500,000. Akhtar declared bankruptcy, and St. Paul Reinsurance Company, Ltd., Akhtar's insurer, denied coverage for the claim based on a policy exclusion for assault and battery. The Rosses filed an affidavit of garnishment against St. Paul, and St. Paul moved for summary judgment. Summary judgment was denied, and the garnishment court ordered St. Paul to pay the $300,000 limits of its policy.[1]

On appeal, the Court of Appeals reversed, stating that the Rosses could not sue in garnishment because their claim against St. Paul is

> based upon what is no more than a "potential" claim in tort or contract against it residing in its insured, judgment debtor Akhtar, [because there is no] "fiduciary relationship or privity of contract existing between the insurer and a person injured by one of its policyholders." *Francis v. Newton*, 75 Ga. App. 341, 344 (1) (43 SE2d 282) (1947); *Southern Gen. Ins. Co. v. Ross*, 227 Ga. App. 191, 197, n. 2 (489 SE2d 53) (1997); *Metro. Property &c. Ins. Co. v. Crump*, [237 Ga. App. 96, 97 (513 SE2d 33) (1999)]. Any potential tort or contract action against St. Paul arises only if it in bad faith denies coverage or, in the event there is coverage, refuses to settle within policy limits.

However, this claim is no more "potential" than any other claim asserted in garnishment; the Rosses assert that St. Paul holds property that belongs to Akhtar, namely the benefits to be paid on his behalf under an insurance contract. See OCGA § 18-4-20 (b). St. Paul may undoubtedly contest this assertion in the garnishment action. See OCGA §§ 18-4-62, 18-4-82; *Ole Campbellton Constr. Co. v. Desert Inn & Country Club*, 154 Ga. App. 107 (267 SE2d 646) (1980). In fact, that is what St. Paul did in this case, stating in its answer to the garnishment that its policy did not insure Akhtar "for any of the claims of the Plaintiffs against the Defendant."

Further, the cases cited by the Court of Appeals are inapposite to the situation presented and do not support the conclusion that Court

---

[1] Further facts can be found in the opinion of the Court of Appeals.

reached. In those cases, the party injured by an insured was seeking to recover from the insurer for the insurer's bad faith or negligent failure to negotiate a settlement. See *Metro. Property &c. Ins. Co.,* supra; *Southern Gen. Ins. Co.,* supra; *Francis,* supra. But no such claim is presented here; the Rosses' only claim against St. Paul is in garnishment, based upon the judgment they have secured against St. Paul's insured. And the distinction between such claims and garnishment issues has been recognized by this Court, which has stated in a similar case that the "question of whether the policy provides coverage for the claim is separate from the legal consequences of an insurer's refusal to indemnify or defend." *Southern Guar. Ins. Co. v. Dowse,* 278 Ga. 674, 677 (2) (605 SE2d 27) (2004).

The pursuit of a garnishment action in which recovery of a judgment is sought against the insurer of the judgment debtor is not a particularly novel occurrence, and it is a process in which the insurer is well protected and may assert that there is no coverage under the policy. See *Boone v. Ranger Ins. Co.,* 152 Ga. App. 891 (264 SE2d 325) (1980); *Lamb v. Allstate Ins. Co.,* 103 Ga. App. 107 (118 SE2d 740) (1961). See also *Dowse v. Southern Guar. Ins. Co.,* 263 Ga. App. 435 (588 SE2d 234) (2003). Even *Metro. Property,* supra, cited by the Court of Appeals, shows that this is a situation in which garnishment may be pursued. As the opinion in that case noted, "[i]t is well-settled law in this State that the defendant in a tort action is not subject to garnishment *until the tort claim is reduced to judgment.*" (Citations and punctuation omitted; emphasis supplied.) Id. at 98. At that time, "[g]arnishees are required to answer as to indebtedness and as to assets or property in hand, [but garnishees are not required to answer] as to the torts they may have committed against the defendant in the suit. . . ." Id. That is what occurred in this case; the tort claim against Akhtar has been reduced to judgment, and his assets may be garnished, but the question of whether Akhtar may have a separate claim against St. Paul, such as bad faith refusal to settle, is not presented in the garnishment action.

It was error for the Court of Appeals to hold that the Rosses could not sue in garnishment.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 7, 2005.

*Wallace D. MaGee,* for appellants.
*David A. Webster, Charles M. Goetz, Jr.,* for appellee.